NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7383

REUBEN T. GRISSETTE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

David F. Abernethy, Drinker Biddle & Reath LLP, of Philadelphia, Pennsylvania, for claimant-appellant.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief was Peter D. Keisler, Assistant Attorney General, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7383

REUBEN T. GRISSETTE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: July 25, 2007

_____

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Presently before the court is the appeal of Reuben T. Grissette, a Korean War veteran, from the final judgment of the Court of Appeals for Veterans Claims ("CAVC") affirming a determination by the Board of Veterans Appeals ("Board") that Mr. Grissette's previously-denied claim for service connection should not be reopened based on new and material evidence. Because this appeal ultimately presents a disagreement over factual determinations, we dismiss.

I

Reuben T. Grissette served in active duty in the United States Army for approximately two years from April 1953 until April 1955. Prior to his entry into service,

Mr. Grissette states that he was in excellent physical health, and that he was a participant in many organized sports, including track, football, and boxing. On April 20, 1953, the Army gave Mr. Grissette a physical examination and the record of that exam shows a clean bill of health. In the autumn of 1954, however, Mr. Grissette was treated by Army doctors for asthma. The treatment notes reflect that Mr. Grissette reported having asthma for the past ten years, and that his symptoms were "[w]orse around this time of year." Upon his honorable discharge in April 1955, the Army gave Mr. Grissette another physical examination, and the record of that exam notes that he suffered from "asthma and shortness of breath."

Later in 1955, shortly after his release from active duty, Mr. Grissette was hospitalized for intense shortness of breath. The clinical record written by his treating physician reflects that Mr. Grissette reported having seasonal asthma "for about the past five years and suffers exacerbations in June or July of each year," but that "[h]e is relatively free of attacks in between times." Mr. Grissette then filed a claim with the Veterans Administration ("VA") for service connection based on his asthma, which he alleged that he had acquired while serving in active duty. Citing Mr. Grissette's self-reported history reflected in his medical records of having asthma for at least the past five years, however, the VA's regional office ("RO") in Chicago rejected his claim as being unrelated to his military service. Mr. Grissette did not appeal the RO's decision.

Mr. Grissette was seen by another physician, Dr. Walter K. Grigg, in 1957. Dr. Grigg reported in an affidavit that Mr. Grissette complained of "[a]sthma intermittently for 3 years," and that Mr. Grissette "[n]ever had asthma prior to its onset while in service." Based on Dr. Grigg's affidavit (and possibly other evidence as well),

Mr. Grissette subsequently attempted to reopen his claim for service connection in 1957, 1959, and 1960. The RO refused on each occasion. Mr. Grissette appealed none of these decisions.

Mr. Grissette again attempted to reopen his claim for service connection in 2000 based on new and material evidence, including, inter alia, statements submitted by both his cousin and his sister-in-law. Mr. Grissette's cousin, Reverend Edward Grissette, explained in his statement that he had "known [Mr. Grissette] all his life during his childhood and he was in good health," and that Mr. Grissette "was active in athletics (boxing, football, track, etc.) before entering the military." Rev. Grissette further explained that he was "certain that [Mr. Grissette] did not have bronchial asthma prior to being drafted into the military otherwise his physical examination during induction should have revealed it," and also that "[i]mmediately following discharge when he came home he complained of shortness of breath which was diagnosed by his physician as bronchial asthma." Mr. Grissette's sister-in-law, Vivian Grissette, gave a statement along similar lines: "Prior to entering the Army in April 1953 [Mr. Grissette] did not have Bronchial Asthma, however when he returned home or shortly thereafter he was seen by a doctor and diagnosed with asthma and hospitalized . . . ." In a parallel proceeding also initiated by Mr. Grissette in 2000, he challenged the various rating decisions during the period of 1955-60 on the basis of clear and unmistakable error.

The RO again declined to reopen Mr. Grissette's claim. With respect to new and material evidence, the RO briefly explained in a written decision dated August 30, 2000 that the statements of Rev. Grissette and Mrs. Grissette "do[] not constitute new and material evidence because [they] do[] not establish a chronic condition was incurred in

or aggravated by service." And with respect to clear and unmistakable error, the RO concluded that although Mr. Grissette "was certainly qualified to provide testimony as to the history of the symptomatology," "[t]he fair preponderance of evidence shows service connection for allergic asthma originally claimed as a chest condition is not warranted because the symptoms of the condition existed prior to service and the evidence of record does not show aggravation of the condition during active military service." Mr. Grissette appealed these decisions to the Board.

Prior to the Board's consideration of his appeal, however, the RO readjudicated Mr. Grissette's request to reopen his claim,[1] but arrived at the same conclusion as it had in 2000. The RO explained that although the statements of Rev. Grissette and Mrs. Grissette constituted new evidence, the assertions contained therein were duplicative of Dr. Grigg's assertions, which had already been found to be "contradicted by clear and credible evidence that [Mr. Grissette's] asthma was present prior to service." The RO continued, characterizing the new evidence as merely being "statements by family members made many years after the fact who may or may not have known about a relatively mild and episodic health condition of [Mr. Grissette] prior to service." As such, the RO concluded that these statements did not justify reopening the claim on the basis of new and material evidence. The RO also acknowledged the existence of "a dispute about whether or not [Mr. Grissette's] asthma actually began prior to service, [but that] there was evidence [on] file which supported the conclusion

---

[1]  This readjudication was performed in order to ensure that the RO had fully complied with the provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 ("VCAA"). The RO's compliance with the VCAA is not at issue in this appeal.

that it had." Thus, in the RO's opinion, there was no justification for reopening the claim on the basis of clear and unmistakable error because "the alleged error involved an exercise of judgment which cannot be characterized as undebatably erroneous."

Before the Board, Mr. Grissette was granted the opportunity to offer his own live testimony to supplement the allegedly new and material evidence he had submitted to the RO. In the course of testifying, Mr. Grissette reiterated his assertions that he showed no symptoms of asthma until 1954, recounted his extensive exposure to "various chemicals, fuels, [and] diesel fuels" while in the military, and explained that the statements in his medical records as to his long history of asthma were simply "mistake[s]." Mr. Grissette also submitted to the Board a letter from a Notary Public attesting to the fact that two men—a Mr. Obbie Rumley Sr. and a Mr. John Massey— stated on August 25, 2003, that they worked with Mr. Grissette as longshoremen prior to his entry into service in 1953, and that they "did not observe or notice any heavy breathing difficulties or signs of abnormal breathing on the part of [Mr. Grissette]" those many years ago.[2]

Upon its consideration of the newly-submitted evidence—the statements of Mr. Grissette's relatives, the letter from the Notary Public, and Mr. Grissette's own testimony—the Board explained in an October 8, 2004 written opinion that

---

[2]     Mr. Grissette submitted additional medical documentation he had obtained since 1960, including a September 3, 2003 letter from Dr. Christopher Fahey, who had been treating Mr. Grissette for asthma since 1990. In that letter, Dr. Fahey acknowledged that he had "no knowledge of [Mr. Grissette's] past history including his childhood records or his military service records." Nevertheless, Dr. Fahey asserted that "it is plausible that intense exposure to toxin, dust, and vehicle exhaust could have produced his asthmatic [symptoms] and [that] the ongoing exposure to those elements could have had an aggravating [effect] on his lungs." The Board's consideration of this additional medical evidence does not appear to be an issue that Mr. Grissette appeals.

Mr. Grissette's submissions were "duplicative of evidence already of record." Moreover, the Board explained,

> Insofar as the statements attempt to refute the conclusion of the RO that the veteran suffered from asthma prior to service, they are insufficient to support the claim. It is now well-established that a layperson without medical training, such as the veteran, is not qualified to render a medical opinion regarding the etiology of disorders and disabilities. . . . Because there is no competent medical evidence that the veteran's preexisting asthma was aggravated in service, the new evidence is not so significant that it must be considered in order to fairly decide the merits of the claim. In the absence of such evidence, the claim may not be reopened.

Accordingly, the Board rejected Mr. Grissette's attempt to reopen his claim on the basis of new and material evidence. The Board also concluded, for largely the same reasons as the RO, that there had been no clear and unmistakable error in previously denying his claim for service connection.

Mr. Grissette then appealed to the CAVC, where he challenged only the Board's rejection of his personal testimony and the statements of his relatives as new and material evidence. On May 30, 2006, the CAVC affirmed the Board's decision, and in so doing, observed:

> Mr. Grissette asserts that his personal statement and the lay testimony of his relatives were offered to provide evidence that he did not have asthma prior to service. Rather than address the observable symptomatology, however, the statements provide assertions as to when Mr. Grissette first had asthma. . . . The Board correctly concluded that Mr. Grissette and his relatives were not competent to state whether or not Mr. Grissette had asthma at any particular time, and that such statements were not probative.

Mr. Grissette now appeals to this court, asserting jurisdiction pursuant to 38 U.S.C. § 7292.

## II

By statute, Congress has explicitly directed the VA to reopen a veteran's previously-denied claim for service connection "[i]f new and material evidence is presented or secured with respect to [that claim]." 38 U.S.C. § 5108. In so doing, the VA must "consider all information <u>and lay</u> and medical evidence of record." 38 U.S.C. § 5107(b) (emphasis added). <u>See also</u> 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a); 38 C.F.R. § 3.307(b); <u>Buchanan v. Nicholson</u>, 451 F.3d 1331, 1335-37 (Fed. Cir. 2006). Pursuant to VA regulations, competent lay evidence is defined as follows:

> Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person.

38 C.F.R. § 3.159(a)(2). New evidence need not be considered, however, if it is merely duplicative of evidence already in the record. <u>See</u> 38 C.F.R. § 3.156(a) ("New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.").

This court's jurisdiction to hear appeals from the CAVC is strictly limited to questions of law; we have no power to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292. Given this narrow standard of review, Mr. Grissette argues that the CAVC and the Board erred as a matter of law by misinterpreting the relevant statutes and regulations in determining that he had not submitted new and

material evidence.[3] In particular, Mr. Grissette contends that the CAVC and the Board discounted the lay evidence he submitted due to the erroneous belief that such evidence is legally incompetent to prove the timing of observable symptoms of his asthma. In other words, Mr. Grissette believes he was wrongfully precluded from using his new lay evidence to demonstrate that he exhibited symptoms of asthma only after he entered the military. Mr. Grissette therefore urges us to reverse and remand for a full consideration of his new evidence.

The heart of Mr. Grissette's appeal is that his lay evidence was ignored contrary to our holding in Buchanan that "[i]f the Board concludes that the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should not be an absolute bar to the veteran's ability to prove his claim of entitlement to disability benefits based on that competent lay evidence." 451 F.3d at 1337. We disagree. While it might be true that statements were made in the proceedings below concerning the incompetence of this lay evidence to serve as medical evidence, the lay evidence was also evaluated for its tendency to prove the onset of observable symptoms. The RO, for example, explicitly recognized Mr. Grissette's competence "to provide testimony as to the history of the symptomatology." Admittedly, the RO made this statement in the course of its discussion of clear and unmistakable error, but the statement nevertheless demonstrates the RO's understanding of the proper use of lay evidence. More important, the RO implicitly revealed this understanding in the course of its discussion of

---

[3]  Mr. Grissette does not appeal the Board's determination that there was no clear and unmistakable error.

new and material evidence by pointing out that Rev. Grissette and Mrs. Grissette may have simply failed to observe symptoms of Mr. Grissette's "relatively mild and episodic health condition." The Board considered the new evidence to be "duplicative of evidence already of record," namely, Dr. Grigg's assertion—based entirely upon Mr. Grissette's lay observation of his own symptoms—that Mr. Grissette "[n]ever had asthma prior to its onset while in service." And the CAVC explicitly grounded its decision on the fact that the lay evidence failed to "address observable symptomatology." These statements sufficiently demonstrate to us that there was no error of law committed below. The RO, the Board, and the CAVC assessed Mr. Grissette's new evidence and determined as a matter of fact that it was not competent and/or sufficient to warrant reopening of his claim for service connection. As we have recently explained, the question of "[w]hether lay evidence is competent and sufficient in a particular case is a fact issue," and as such, is "a matter beyond our jurisdiction" to answer. Jandreau v. Nicholson, No. 07-7029, slip op. at 8 (Fed. Cir. 2007).

### III

Because, contrary to Mr. Grissette's argument, the Board and the CAVC did not misconstrue the applicable law, this appeal presents a disagreement over factual determinations. We lack jurisdiction to resolve such factual disagreements, and we therefore dismiss the appeal.

### COSTS

No costs.