THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Faint

Mailed:  September 27, 2012

Cancellation No. 92055081

Academy of Motion Picture
Arts and Sciences

v.

Alliance of Professionals &
Consultants, Inc.

**Before Ritchie, Lykos and Shaw,**
**Administrative Trademark Judges.**

**By the Board:**

On January 24, 2012, the Academy of Motion Picture Arts and Sciences ("petitioner") filed a petition to cancel the Alliance of Professionals & Consultants, Inc.'s ("respondent") registration for the mark OSCAR for "providing recognition and incentives by the way of awards and contests to demonstrate excellence in the field of business consultation and information technology" in International Class 41.[1]  As grounds for cancellation, petitioner alleges that respondent's mark (1) so resembles petitioner's previously used and registered OSCAR marks that it is likely to cause confusion, mistake, or deceive

prospective consumers pursuant to Section 2(d) of the Trademark Act,[2] (2) falsely suggests a connection with petitioner pursuant to Section 2(a) of the Trademark Act, and (3) will dilute petitioner's marks within the meaning of Section 43(c) of the Lanham Act as amended.

Respondent, in lieu of filing an answer to the petition to cancel, filed on March 26, 2012 a motion to dismiss petitioner's dilution claim under Fed. R. Civ. P. 12(b)(6) on the ground that respondent's ownership of the federally-

---

[1] Registration No. 3974726, registered Jun. 07, 2011 on the Principal Register in standard character form, claiming dates of use and first use in commerce of Mar. 13, 2009.

[2] Petitioner pleaded ownership of the following registrations: Registration No. 1096990 for OSCAR for "entertainment and educational service-namely, telecasts in connection with the recognition of distinguished achievement in the motion picture industry; library and reference services; theatrical exhibitions of motion pictures" in Class 41, registered Jul. 18, 1978; Registration No. 1118751 for OSCAR for "books and supplements thereto, pamphlets, brochures, dealing with the motion picture industry and personalities; press kits containing detailed information as to broadcasts and presentations of awards, including chronological list of events, program format, personalities involved, motion pictures involved and other elements comprising the broadcasting of motion picture awards" in Class 16, registered May 22, 1979; Registration No. 1528890 for OSCARS for "entertainment services, namely, telecasts in connection with the recognition of distinguished achievement in the motion picture industry" in Class 41, registered Mar. 7, 1989; Registration No. 1996585 for OSCAR for "sweatshirts; jackets; T-shirts; and, caps" in Class 25, registered Aug. 27, 1996; Registration No. 2021582 for OSCAR for "prerecorded videotapes featuring entertainment relating to motion pictures and award ceremonies" in Class 9, registered Dec. 10, 1996; Registration No. 2029445 for OSCAR NIGHT for "educational and entertainment services rendered through the medium of an annual live, televised program dealing with motion pictures" in Class 41, registered Jan. 14, 1997; Registration No. 2341104 for SUNDAY AT THE OSCARS for "educational and entertainment services rendered through the medium of an annual live, televised program dealing with motion pictures" in Class 41, registered Apr. 11, 2000.

registered mark at issue acts as "an absolute and complete defense to the [p]etitioner's dilution claim." (D. Mot. Dismiss 1). The motion is fully briefed.

*Background*

A petition to cancel may be based on allegations that the petitioner believes that the accused registered mark damages, or will damage, the petitioner, including by trademark dilution "under Section 43(c)" of the Lanham Act, 15 U.S.C. § 1125(c). *See* 15 U.S.C. § 1064. Subsection (6)(B) of Section 43(c), however, provides that the registrant's ownership of a valid federal trademark registration on the Principal Register "shall be a complete bar to an action against that person, with respect to that mark, that . . . asserts any claim of actual or likely damage or harm to the distinctiveness or reputation of a mark…." In other words, Section 43(c)(6)(B) affords a party accused of federal trademark dilution a "federal registration defense."[3]

---

[3] Although § 43(c)(6)(B) uses the terms "action" and "claim," which may have common-law connotations, we note that use of these terms does not mean that the federal registration defense is limited to *court* dilution actions. Such a reading would eviscerate the incorporation of § 43(c) into § 14, 15 U.S.C. § 1064. To give effect to § 14's incorporation of § 43(c), the Board is required to apply other subsections of § 43(c) which contain terms that, in other contexts, may conventionally be associated with courts. For example, the Board has to apply subsection (c)(1), in which the prohibition against dilution by blurring or tarnishment is set forth, albeit in a provision referencing injunctive relief, which is beyond the Board's power to award. The Board also has to apply subsection (2), which defines fame, dilution by blurring, and dilution by tarnishment — despite that subsection's reference to what "a court may consider." Subsection (4) sets forth the burden of proof "in a civil action" when the dilution claimant asserts unregistered trade dress as the basis of dilution, yet the Board clearly would have to apply this procedural provision if that were the basis of the dilution allegations. If the Board could not apply these subsections because

The federal registration defense was first enacted in federal law as part of the Federal Trademark Dilution Act of 1995 ("FTDA").[4]  The FTDA created a new federal cause of action to protect "famous" trademarks through amendment of Section 43 of the Lanham Act, but also provided that "ownership by a person of a valid registration," is a "complete bar" to any action brought under "common law or a statute of a State and that seeks to prevent dilution of the distinctiveness of a mark, label, or form of advertisement."[5]  In 2006 Congress enacted amendments to the Lanham Act as the Trademark Dilution Revision Act ("TDRA").[6]  The amendments sought to expand the federal registration defense to include all types of dilution claims under state law by replacing FTDA's language barring only claims for "dilution of the distinctiveness of a mark" with language barring claims for "dilution by blurring or dilution by tarnishment."[7]

*Analysis*

---

they refer to courts and court-related activities, then § 14's incorporation of § 43(c) would be essentially meaningless — an impermissible construction of § 14.  *See, e.g.*, *United States v. LaBonte*, 520 U.S. 751, 760 (1997) (one provision should not be read to render meaningless other provisions to which it refers); *Buchanan v. Nicholson*, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (it is unreasonable to read a statutory provision in a way that renders other related provisions meaningless).  Because, in deciding cancellation proceedings raising allegations under § 43(c), the Board necessarily has to apply several subsections of § 43(c) that refer to "courts" and "civil actions," subsection (6)'s similar use of terms typically associated with courts does not disqualify the federal registration defense from applying in TTAB proceedings based on § 43(c).

[4] Pub. L. No. 104-98, 109 Stat. 985 (1996).
[5] 15 U.S.C. § 1125(c), repealed by the TDRA in 2006.
[6] Pub.L. 109-312, § 2, 120 Stat. 1730 (2006).

An affirmative defense may be raised prior to answer through a motion to dismiss pursuant to Rule 12(b)(6), without resort to the summary judgment procedure, if the defense appears on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007)(complaint is subject to Rule 12(b)(6) dismissal if pleadings show relief is barred by affirmative defense); *see also* 5B Charles A. Wright & Arthur R. Miller, et al., *Federal Practice and Procedure Civil* §§ 1277, 1357 (3d ed. Westlaw update 2012). A dismissal under Rule 12(b)(6) for failure to state a cognizable claim is a test of whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also*, *Doyle v. Al Johnson's Swedish Restaurant & Butik, Inc.*, 101 USPQ2d 1780, 1782 (TTAB 2012).

In its motion to dismiss, respondent does not challenge petitioner's standing to bring this proceeding, but rather, maintains that its ownership of a federal registration acts as a complete bar to petitioner's dilution claim after the 2006 TDRA amendments. Petitioner argues that its dilution claim is based not only on Section 43(c), but also on Section 14 of the Lanham Act, 15 U.S.C. § 1064, which was not repealed when TDRA was enacted. Petitioner asserts the conforming amendments which rearranged Section 43(c) cannot be read as repealing

---

[7] H.R. 683, 109th Cong. 1st. Sess., 6 (Feb. 9, 2005).

statutory dilution remedies by implication, as this interpretation would result in inconsistencies in the statute and lead to "absurd" results.[8]

The "starting point" for a case involving statutory construction is the language of the statute itself. *United States v. Hohri*, 482 U.S. 64, 68 (1987) (*quoting Kelly v. Robinson*, 479 U.S. 36, 43 (1986)). Where the statutory terms are unambiguous, "judicial inquiry is complete, except 'in rare and exceptional circumstances.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981) (*quoting TVA v. Hill*, 437 U.S. 153, 187 n.33 (1978)). "Absent a clearly expressed legislative intention to the contrary," a statute's plain language must be given effect. *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).

The parties agree with legal commentators that a clerical error occurred during the passage of TDRA, but disagree as to how that "error" should be interpreted. During Senate consideration of the House bill, Section 43(c)(6) was slightly reorganized. As a result, the statute was amended to read that ownership of a federal registration acts as a "complete bar" to a federal claim of dilution. The comparison below illustrates

---

[8] Both parties also argue that TBMP § 303.01 provides "an independent basis" for petitioner's dilution claim. The cited section of the Board's manual of procedure is merely a copy of the statute and cannot be interpreted as "independent" from that statute.

6

the difference between the Senate and House versions, and it is the Senate version that was enacted:

| TDRA Section 43(c)(6)(Enacted)[9] | House Bill H.R. 683[10] |
| --- | --- |
| **(6) Ownership of valid registration a complete bar to action** The ownership by a person of a valid registration ... shall be a complete bar to an action against that person, with respect to that mark, that-- (A)(i) is brought by another person under the common law or a statute of a State; and (ii) seeks to prevent dilution by blurring or dilution by tarnishment; or (B) asserts any claim of actual likely damage or harm to the distinctiveness or reputation of a mark.... | The ownership by a person of a valid registration ... shall be a complete bar to an action against that person, with respect to that mark, that-- (A) is brought by another person under the common law or a statute of a State; and (B)(i) seeks to prevent dilution by blurring or dilution by tarnishment; or (ii) asserts any claim of actual or likely damage or harm to the distinctiveness or reputation of a mark.... |

Although the wording of the bill as enacted remains the same as the House draft, by reorganizing the sections and including the word "or" before subparagraph (B), the meaning of the statute was altered.[11] As a result, the federal registration defense is now available to both state and *federal*

---

[9] 15 U.S.C. § 1125(c)(6).

[10] H.R. 683, 109th Cong. 1st Sess., 6 (Feb. 9, 2005).

[11] *See* U.S. H.R. Comm. on Judiciary, *Statement of Judiciary Committee Chairman Lamar Smith, Full Committee Markup of H.R. 6215, a bill to amend the Federal Trademark Dilution Act* at http://judiciary.house.gov/hearings/Markups%202012/mark_08012012.html (accessed Sept. 12, 2012). *See also,* 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:129 (4th ed. Westlaw update 2012).

dilution claims.[12]  The statute applies equally to cases before this Board.[13]

While a "most extraordinary showing of contrary intentions" by Congress may justify a departure from the plain language of a statute, *Garcia v. United States*, 469 U.S. 70, 75 (1984), there is scant legislative history, and certainly not enough to support an alternative reading in this case.[14]  The Board must apply and enforce the statute as written, rather than picking and choosing a preferred interpretation. "Congress' intent is found in the words it has chosen to use." *Harbison v. Bell*, 556 U.S. 180, 198 (2009) (Thomas, J., concurring).  Petitioner characterizes the Senate reorganization of the language as creating an "unintended" change to the statute, and argues Congress clearly meant to retain possible federal dilution claims.  Nonetheless, this Board must assume that Congress means what it says.  If Congress has enacted into law something different from what was intended, then Congress must amend the statute to achieve its desired results.  *Lamie v. United States*, 540 U.S. 526, 542 (2004).

---

[12] *See id., Statement of Judiciary Committee Chairman Lamar Smith.*
[13] *See, e.g.,* TBMP § 303.01 (3d ed. rev. 2012) (citing 15 U.S.C. § 1064).
[14] *See* 4 *McCarthy* § 24:101 ("The 2006 TDRA must largely speak from the text of the statute itself.  There is very little legislative history.").

Petitioner's argument that the Board has entertained dilution claims in other cancellation proceedings since passage of the TDRA also is not persuasive. There has been no showing that the federal registration defense has been raised previously before the Board, and the cases cited by petitioner were not precedential and thus are not binding on the Board.[15] *See* TBMP § 101.03 (3d ed. rev. 2012).

Accordingly, respondent's motion to dismiss the dilution claim is granted, and petitioner's dilution claim set forth in paragraph 22 is stricken from the petition to cancel. This case will move forward on petitioner's remaining claims.

**Dates Reset**

Proceedings are resumed. Dates, including respondent's time to answer, are reset as set out below.

| | |
|---|---|
| Time to Answer: | 10/28/2012 |
| Deadline for Discovery Conference: | 11/27/2012 |
| Discovery Opens: | 11/27/2012 |
| Initial Disclosures Due: | 12/27/2012 |
| Expert Disclosures Due: | 4/26/2013 |
| Discovery Closes: | 5/26/2013 |
| Plaintiff's Pretrial Disclosures Due: | 7/10/2013 |
| Plaintiff's 30-day Trial Period Ends: | 8/24/2013 |
| Defendant's Pretrial Disclosures Due: | 9/8/2013 |
| Defendant's 30-day Trial Period Ends: | 10/23/2013 |
| Plaintiff's Rebuttal Disclosures Due: | 11/7/2013 |
| Plaintiff's 15-day Rebuttal Period Ends: | 12/7/2013 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits,

---

[15] Indeed it appears there have been no cases raising this issue before the federal courts.

9

must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

***