Citation Nr: 1536782 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-11 619 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for a gastrointestinal disability.


REPRESENTATION

Veteran represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

N. Holtz, Counsel


INTRODUCTION

The Veteran served on active duty from October 1973 to January 1975. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision of the Seattle, Washington Department of Veterans Affairs (VA) Regional Office (RO). The case is now under the jurisdiction of the Portland, Oregon RO. 

A Board hearing was held in March 2011. A transcript is of record. In July 2013, and again in May 2014, the Board remanded this issue for further evidentiary development. The requested development was completed, and the case has now been returned to the Board for further appellate action.

The Board notes that the May 2014 decision also remanded the issues of entitlement to service connection for psoriasis and psoriatic arthritis. The Veteran's appeal of those issues was granted in February 2015, and the issues are no longer before the Board.


FINDINGS OF FACT

1. The Veteran was not diagnosed with a gastric ulcer at the time of his discharge, within the first post-service year, or at any other time since service.

2. The Veteran does not have a current gastrointestinal disability, and his diagnosed esophageal spasm did not have its onset during service, and is not otherwise related to an event or injury in service, to include in-service acute gastrointestinal symptoms.

CONCLUSION OF LAW

Service connection for a gastrointestinal disability is not warranted. 38 U.S.C.A. §§ 1110, 1112, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). 

VA sent the Veteran a letter in June 2007 that fully addressed all VCAA notice elements for service connection claims. 38 C.F.R. § 3.159(b)(1) (2014). No further development is required with respect to the duty to notify.

VA's duty to assist the Veteran in the development of the claim includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(2014). The Board finds that all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's service treatment records, as well as post-service reports of VA and private treatment and examination. 

The Board ordered a VA examination in its July 2013 remand to address the etiology of the Veteran's gastrointestinal disability. As the ensuing October 2013 examination report failed to address his gastrointestinal concerns, the Board ordered a second examination in its most recent remand. Unfortunately, the Veteran failed to appear for that examination. Nevertheless, the clinician provided a thorough review of the record, as well as a clear and adequate etiology opinion. As the Veteran failed to appear for the examination, the Board will proceed to adjudicate the appeal based on the current record. 38 C.F.R. § 3.655(b) (2014). 

The Veteran's statements in support of the claim are of record, including testimony provided at a March 2011 Board hearing. The Board hearing focused on the elements necessary to substantiate his service connection claim and the Veteran, through his testimony and his representative's statements, demonstrated that he had actual knowledge of the elements necessary to substantiate the claim for benefits. As such, the Board finds that, consistent with Bryant v. Shinseki, 23 Vet. App. 488 (2010), the undersigned Veterans Law Judge complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) (2015), and that the Board can adjudicate the claim based on the current record. 

II. Entitlement to Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303(a) (2014). Service connection generally requires credible and competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

A disorder may be service connected if the evidence of record shows that the Veteran currently has a disorder that was chronic in service or, for a chronic disease listed in 38 C.F.R. § 3.309(a) (including gastric ulcers), that was seen in service with continuity of symptomatology demonstrated thereafter. 38 C.F.R. § 3.303(b) (2014); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the continuity of symptomatology provisions of 38 C.F.R. § 3.303(b) only apply to a chronic disease listed in § 3.309(a)). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d) (2014).

Initially, there is some evidence of gastrointestinal symptomatology during service. The Veteran was treated for gastritis in September 1974, and gastroenteritis in July and September 1974. See Service Treatment Records dated September 22, 1974 (gastritis), July 30, 1975 (gastroenteritis), and September 30, 1974 (nonspecific gastroenteritis). 

He also has presented lay evidence of a gastrointestinal disability since service. He asserted on his April 2009 VA Form 9 that he had a diagnosis of gastric ulcer at his discharge from service. See Substantive Appeal received from the Veteran in April 2009. At his Board hearing, he stated that his gastrointestinal symptoms have been continuous since service. See Board Hearing Tr. at 29.

While the Veteran is competent to provide lay evidence concerning the symptoms he has experienced, Layno v. Brown, 6 Vet. App. 465, 470 (1994), that evidence must be credible to be probative. Buchanan v. Nicholson, 451 F.3d 1331, 1335 (2006). In this case, the Board finds that the Veteran's lay testimony is not credible. Caluza v. Brown, 7 Vet. App. 498, 511-12 (1995). First, with respect to the Veteran's assertion that he had a diagnosis of gastric ulcer at separation, that statement is contradicted by other evidence of record, including the Veteran's December 1974 discharge examination, which noted normal abdominal systems, and his contemporaneous Report of Medical History, on which the Veteran denied a history of stomach, liver, or intestinal trouble. The Board finds the contemporaneous records, both of physical examination, and the Veteran's own statements from the time of his discharge, to be more credible with respect to his physical condition at that time. 

Furthermore, the Veteran's statements that he has had ongoing gastrointestinal symptoms since service are likewise not credible. Prior to filing his claim for service connection, the Veteran denied abdominal pain, nausea, vomiting, or a change of bowel habits in May 2006, June 2006, and January 2007. He also denied such symptoms after he filed his claim, in August 2007. Considering those denials, along with the Veteran's December 1974 Report of Medical History in which he similarly denied gastrointestinal issues, the Board finds that the Veteran's current claim that his symptoms have been present ever since service to be not credible. Id.

The medical evidence of record also fails to support the Veteran's claim. The November 2013 VA examiner diagnosed the Veteran with an esophageal spasm. That examiner found the Veteran's condition to be unrelated to service, but failed to adequately support that opinion; while the examination constituted a valid diagnosis of an esophageal disability, the etiology opinion lacked probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302 (2008) (holding that to be probative, a medical opinion must be not factually accurate, fully articulated, and based on sound reasoning). 

The July 2014 clinician scheduled to conduct a second VA examination was unable to examine the Veteran, because he failed to report to be examined. Nevertheless, the clinician still provided a thorough, well-reasoned opinion concerning the etiology of the Veteran's gastrointestinal condition, based on a review of the record. Id. The examiner noted the Veteran's in-service treatment for brief episodes of gastritis and gastroenteritis, but determined that in all cases, the in-service occurrences were acute in nature, each requiring only short-term symptomatic treatment. The clinician determined that in "none of these [treatment reports] is there any evidence that these various gastrointestinal complaints amounted to any more than single visit brief illnesses, nor was there any evidence of a chronic gastrointestinal disorder." 

The clinician noted that the Veteran's treatment records from the mid-1970s did not indicate ongoing gastrointestinal issues, and that more recent VA treatment records did not note any ongoing gastritis, gastroenteritis, or other lower gastrointestinal tract condition. The examiner saw no evidence to relate the Veteran's esophageal spasm to his in-service acute gastrointestinal issues.

The clinician opined that the in-service gastrointestinal disorders were not of the type that would be expected to be chronic, that there was no evidence that they were chronic during service, and that, in light of the Veteran's failure to report for the examination and the diagnostic findings of the October 2013 examination, there was no evidence of a current gastrointestinal disability that could be related to service. 

To the extent that the July 2014 clinician's opinion failed to discuss the Veteran's complaints of ongoing gastrointestinal symptomatology since service, the Board finds that the probative value of the examination report is unaffected, because the Board has determined the Veteran's reports to lack credibility. 

In sum, there is no evidence of any current gastrointestinal disability, and no probative evidence that the Veteran's esophageal spasm is etiologically related to his military service. Service connection on a direct basis is not warranted. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. § 3.303(a) (2014); Holton, 557 F.3d 1366. Considering the theory of presumptive service connection for the Veteran's claimed gastric ulcer, the Board notes that the Veteran has never been diagnosed with an ulcer of any kind. The Veteran's lay statement that he had a gastric ulcer at the time of his separation is the only evidence of record suggesting such a diagnosis, and the Board has found the Veteran's lay testimony in that regard to lack credibility. As such, there is no probative evidence to support a finding that the Veteran was diagnosed with an ulcer within the first post-service year, and presumptive service connection for an ulcer is not warranted. 38 C.F.R. §§ 3.307, 3.309 (2014). 


ORDER

Entitlement to service connection for a gastrointestinal disability is denied.



____________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs