Citation Nr: 1610610 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 13-20 476 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUES

1. Entitlement to service connection for a variously diagnosed psychiatric disorder, to include posttraumatic stress disorder (PTSD). 

2. Entitlement to service connection for treatment purposes only under 38 U.S.C.A. Chapter 17 for the Veteran's variously diagnosed psychiatric disorder. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Jarrette A. Marley, Counsel 



INTRODUCTION

The Veteran served on active duty from December 1981 to March 1989. In addition, he had active duty for training from August 2008 to December 2008, with additional inactive duty for training, as well as Army National Guard service, including on a full-time basis from August 2009 to September 2010. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2013 rating decision by the Buffalo, New York Department of Veterans Affairs (VA) Regional Office (RO). 

Inasmuch as the record reflects multiple psychiatric diagnoses, the Board has characterized the Veteran's service connection for a psychiatric disorder as a claim for service connection for a variously diagnosed psychiatric disorder, to include PTSD, in light of the United States Court of Appeals for Veterans Claims (Court) decision in Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that the scope of a service connection claim for a specific psychiatric entity encompasses all psychiatric diagnoses shown by the record). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2015).


FINDINGS OF FACT

1. Resolving all doubt in favor of the Veteran, the evidence reflect it is at least as likely as not that the Veteran has PTSD and major depression as a result of his active service. 

2. Service connection is in effect for a psychiatric disorder. 




CONCLUSIONS OF LAW

1. The criteria for service connection for a variously diagnosed psychiatric disorder, to include PTSD and major depression, are met. 38 U.S.C.A. §§ 1131, 1154, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015). 

2. There being no justiciable case or controversy, the Veteran's claim of service connection for treatment purposes only under 38 U.S.C.A. Chapter 17 for the Veteran's variously diagnosed psychiatric disorder is dismissed. 38 U.S.C.A. § 1702 (West 2015); 38 C.F.R. § 17.109(b), 17.37 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service Connection for Variously Diagnosed Psychiatric Disorder

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. § 1131; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection for PTSD requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptoms and the claimed in-service stressor. 38 C.F.R. § 3.304(f); see also Cohen v. Brown, 10 Vet. App. 128 (1997). 

A veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor if: (1) the claimed stressor is consistent with the places, types and circumstances of the veteran's service; and (2) a VA psychiatrist or psychologist, or contract equivalent, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and the veteran's symptoms are related to the claimed stressor. 38 C.F.R. § 3.304(f)(1). 

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrence of symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). 

The Veteran has several psychiatric diagnoses, including PTSD and major depression. He has reported several stressors for his diagnoses. In particular, he has reported a service member with whom he completed search and rescue school was killed by a teenage driver during his active service. In addition, he has reported that while stationed aboard the USS McInerney in Mayport, Florida, the USS Stark was also stationed there and that he knew several members of the crew that were killed in May 1987 by an Iraqi jet aircraft. See, e.g., June 2013 VA Outreach Center treatment record. 

The Veteran's service personnel records show that he was stationed aboard the USS McInerney from November 1982 to November 1986, and that the ship was located in Mayport, Florida from November 1982 to February 1984, and from March 1984 to November 1986. 

In September 2013, the Veteran submitted an online article showing that on May 17, 1987, the USS Stark was attacked by an Iraqi jet aircraft, and that there were 37 U.S. Navy casualties. 

In a September 2013 VA Outreach Center letter, it was opined that based on review of the Veteran's military and personal history, as well as evaluation and psychological testing, the Veteran had chronic PTSD and major depression, with onset during his military service. The letter cited and referenced the above stressors in support of its finding. 

The Board finds the Veteran's report that he was stationed near the USS Stark and knew several members of the crew to be credible. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006) (the Board, as fact finder, is obligated to, and is fully justified in, determining whether lay evidence is credible in and of itself). The Board also notes that the evidence confirms that several members of the USS Stark were killed in a May 1987 attack. The Board also finds the Veteran's report that he was and continues to be disturbed by the conceded stressor during service to be credible. 

Notably, the only evidence of record that addresses the etiology and onset of the Veteran's psychiatric disorder is the September 2013 VA Outreach Center letter. The medical expert addressed the Veteran's stressors, reviewed the Veteran's claims record, and interviewed and conducted psychological testing of the Veteran. Based on such evidence, the medical expert opined that the Veteran's PTSD and major depression had their onset during his military service. The opinion is supported by a reasoned analysis. Thus, it is of great probative value and is consistent with the Veteran's assertions. 

Resolving any reasonable doubt in the Veteran's favor, the evidence supports a diagnosis of PTSD and major depression, as made by the September 2013 VA Outreach Center medical expert. Because there is a confirmed diagnosis of PTSD, credible evidence of an in-service stressor, and credible evidence of a link between current symptoms and the Veteran's service, service connection for PTSD and major depression is warranted. 38 C.F.R. § 3.304(f). 

Eligibility to Treatment

The Veteran also seeks service connection for purposes of establishing eligibility to VA treatment. The Board's decision above to grant service connection for a mental health condition makes this issue essentially moot as he will be entitled to VA treatment for the now-service-connected mental health condition. See 38 C.F.R. § 17.37(b). Accordingly, the matter is dismissed. 


ORDER

Service connection for a variously diagnosed psychiatric disorder, to include PTSD and major depression, is granted. 

Service connection for treatment purposes only under 38 U.S.C.A. Chapter 17 for the Veteran's variously diagnosed psychiatric disorder is dismissed. 




____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs