Citation Nr: 1736743 
Decision Date: 08/21/17 Archive Date: 09/06/17

DOCKET NO. 14-33 343 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a low back disability, diagnosed as lumbar spine strain and disc bulge.


REPRESENTATION

Appellant represented by: Texas Veterans Commission 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Y. A. Miller, Associate Counsel


INTRODUCTION

The Veteran served in the United States Air Force from June 2005 to October 2005. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, TX.

The Veteran testified at a November 2016 video hearing before the undersigned.


FINDING OF FACT

The Veteran's lumbar spine disability, diagnosed as lumbar strain, is a result of injury in active military service.


CONCLUSION OF LAW

The Veteran's lumbar spine strain was incurred in active service. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016), Diagnostic Code 5237 (2016). 



REASONS AND BASES FOR FINDING AND CONCLUSION

Applicable Law

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C.A. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran's lay statements. Id.

In addressing lay evidence and determining its probative value, if any, attention is directed to both competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted"). Layno v. Brown, 6 Vet. App. 465, 469 (1994).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of matter, the benefit of the doubt will be given to the Veteran. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


Facts and Analysis

A January 2014 Disability Benefits Questionnaire (DBQ) diagnosed the Veteran with low back strain dating back to 2005. A June 2014 MRI report from Green Oak Diagnostics confirmed a clinical diagnosis of lumbar sprain in addition to noting a 4 millimeter disc bulge in the Veteran's back. These diagnoses meet the first element of service connection. 

When the Veteran filed his claim in February 2013, he indicated that he his disability was incurred on May 15, 2005. Service treatment records (STRs) from July 2005 note that the Veteran complained of low back pain. The examiner at the time noted that the Veteran had been digging and shoveling sand, doing hard labor. The Veteran's September 2005 post deployment health assessment indicated that he suffered from low back pain after his deployment. 

The Veteran further reported on his initial claim in February 2013 that he injured himself while serving in Iraq; he was involved in building a bomb dump, which required strenuous manual labor. He reported a similar history in his June 2014 notice of disagreement (NOD). In a statement along with his September 2014 his substantive appeal; he stated that he had been misdiagnosed by the VA examiner in January 2014 as having a "resolved" back disability. He wrote that the injury he incurred while on active duty had consistently caused pain. This had evolved into a bulging disk in his back as evinced on a June 2014 MRI.

During the November 2016 hearing, the Veteran confirmed that he was put on "dirt crew" during his deployment, which meant that he was essentially working as a construction worker shoveling sand to build a bomb dump. The Veteran subsequently explained that "one morning he work up and couldn't get out of bed" due to the severity of his back pain. 

The Veteran's statements are consistent with the circumstances of his military service. As such, the Board finds that an in-service event, injury or disease has been shown.

When determining the question of nexus, the Board must consider both lay and medical evidence. The Veteran maintains that he has experienced a back disability since the May 2005 injury while on active duty, and has experienced pain since. His statements are probative value because they address observable matters such as back pain and limitation, which are symptoms about which a lay person is competent to testify. Therefore, the Board finds the Veteran's statements competent and credible. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

The Veteran has, in essence, contended that his disc bulge is a manifestation of the lumbar strain he suffered while in service. However, the Veteran does not have the expert medical knowledge or specialized medical training necessary in order to make that determination. Jandreau, 492 F.3d at 1377. 

Turning to the medical evidence, the Veteran underwent a VA examination in January 2014. The examiner acknowledged the Veteran's diagnosis of lumbar spine sprain, but found that it had resolved. However, when assessing the Veteran's medical history, the examiner said that the Veteran's condition had continued with intermittent pain ranging from five to eight on a 10 point scale. Moreover, the examiner noted and the Veteran reported flare-ups that impacted the function of his back; however, the examiner stated that the condition was no longer an issue. The Board notes the inconsistencies, and therefore finds the opinion of limited probative value. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 

The June 2014 MRI report stated that "at the L4-L5 level, a broad 4 millimeter annular disc bulge is demonstrated." Additionally, a January 2017 medical opinion from Tomaszek Neurosurgical Associates, explained that the Veteran had a clear-cut disc protrusion (as shown by the June 2014 MRI) which corresponded with his history of back pain. The doctor explained that the Veteran reiterated the details of his back injury while serving in the military in Iraq in about August 2005. 

The doctor opined that the Veteran's story of injuring his back was valid, in his medical opinion, because the greater weight of the medical evidence shows the Veteran's pain and abnormal MRI findings are the direct result of his in service injury. The doctor continued by saying that it is much less likely that aging, wear and tear, or some other pathology could have caused the disc problem based on the Veteran's history and the absence of degenerative changes in the Veteran's back, as shown by the MRI. Ultimately, the doctor concluded that the Veteran's injury and need for subsequent treatment is a direct result of his military duty in Iraq, specifically the injury he suffered in August 2005. 

The fact that the Veteran has clear diagnoses of low back strain and a bulging disc; and there is a competent medical opinion linking these disabilities to service and the Veteran has reported that the same symptoms have been present since service; places the evidence in at least equipoise. Resolving reasonable doubt in the Veteran's favor, the evidence is in at least equipoise and the claim is granted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a low back disability, diagnosed as lumbar spine strain and disc bulge, is granted. 




______________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs