# United States Court of Appeals for the Federal Circuit

05-7174

DONALD BUCHANAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Michael J. Mooney, of Cincinnati, Ohio, argued for claimant-appellant.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Chief Judge Donald L. Ivers

# United States Court of Appeals for the Federal Circuit

05-7174


DONALD BUCHANAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  June 14, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

Donald Buchanan appeals from the decision of the Court of Appeals for Veterans Claims (the "Veterans Court") affirming a decision of the Board of Veterans' Appeals (the "Board") which denied Mr. Buchanan's claim for service connection for a psychiatric disorder.  Buchanan v. Nicholson, No. 02-1524 (Vet. App. Feb. 16, 2005).  Because the Veterans Court accepted the Board's legally erroneous interpretation of the statutory and regulatory provisions pertaining to a veteran's ability to prove service connection through competent lay evidence, we vacate the Veterans Court decision and remand for reconsideration of all of the evidence of record, including the lay evidence, under the correct statutory and regulatory construction.

## I.  BACKGROUND

Mr. Buchanan served on active duty in the United States Army from January

1973 to December 1975 and also from May 1980 to June 1982. He was honorably discharged following his first period of service, but received an other than honorable discharge after his second. In 1986, he filed a claim for service connection for a psychiatric disorder. The Board denied his claim in 1987, finding that his service medical records were negative for any manifestations of psychiatric problems and that a psychiatric disability was not demonstrated until 1978, nearly three years after his first period of service had ended. Again, in June 1992, a Department of Veterans Affairs ("DVA") regional office ("RO") denied service connection for a nervous condition. Since that time, Mr. Buchanan's attempts to establish service connection have resulted in his claim being sent back and forth between the RO and the Board. Essentially, each remand or reopening of his claim by the Board was accompanied by a DVA medical examination. Thus, by the time the Board rendered its September 5, 2002 decision, which is the subject of this appeal, Mr. Buchanan had undergone three DVA medical examinations over a period of five years.

The first of such examinations occurred in July 1997 and resulted in a diagnosis of "[s]chizophrenia, chronic paranoid type, severe." (R. at 225.) The opinion of the examiner was that "[i]t appears that this disorder first began while he was in the service, although there is no record in his C-file which would substantiate his claim of receiving counsel to seek psychiatric treatment while in the service." (Id.)

The second DVA examination occurred in November 1999 and also reflects a diagnosis of "[s]chizophrenia, paranoid type, chronic, severe." (Appellant App. 57). The examiner summarized his findings and concluded by stating: "While it is at least as likely as not that the veteran's symptoms predate his first documented treatment in 1978

for psychosis, it is not possible without prior records to determine when these symptoms first occurred." (Appellant App. 57-58).

The third DVA examination in March 2002 resulted in a similar diagnosis, "[s]chizophrenia, paranoid type, chronic." (Appellant App. 51.) This examiner likewise summarized her findings, in pertinent part, as follows:

> Review of the Veteran's C-file revealed numerous layperson affidavits attesting to a change in the veteran's interpersonal style and presentation while the veteran was in the military between 1973 and 1975, and after his discharge from the military. However, there is no medical documentation within the veteran's C-file to substantiate the presence of any psychotic symptoms or treatment for psychiatric conditions while the veteran was on active duty . . . . Thus, given the absence of any medical documentation from the veteran's period of active duty service from January 1973 to December 1975, and given the absence of any medical documentation of psychiatric symptoms or treatment within the one-year presumptive period, it is this clinician's clinical opinion that the veteran's onset of symptoms of schizophrenia did not occur during his first period of active service or during the one year presumptive period.

(Appellant App. 52.)

In support of his claim, Mr. Buchanan submitted several affidavits from lay witnesses, including his relatives, acquaintances, and a sergeant who led the unit to which Mr. Buchanan was assigned in 1973, describing their perceptions of the onset of his symptoms while in service or soon thereafter. Additionally, he submitted an August 2001 medical opinion from Dr. Kenneth Manges, who opined that Mr. Buchanan's signs and symptoms of paranoid schizophrenia first appeared in service and that his paranoid schizophrenia manifested itself to a compensable degree during the first year after his discharge from his first period of service. (R. at 448-63.)

In considering whether Mr. Buchanan established service connection, the Board focused on whether the evidence linked the veteran's psychiatric disability to a disease

or injury that was incurred in, or was aggravated by, service from January 1973 to December 1975 or whether the evidence demonstrated the presence of that disability to a degree of ten percent within the first post-service year such that service connection would be presumed pursuant to 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137. The Board recognized that Mr. Buchanan's statements and testimony along with the lay statements indicate that his psychiatric disability began during his first period of service because that is when his behavior changed. The Board also noted that what it called the "objective medical evidence" did not corroborate the presence of psychiatric problems in service or within the first year after service except by medical history reported by Mr. Buchanan. The Board then stated: "Recollections of medical problems some 20 years after the veteran's separation from service have slight probative value and lack credibility absent confirmatory clinical records to substantiate such recollections." (Appellant App. 21.)

After discussing the four medical opinions, three from the DVA examiners and one from Dr. Manges, the Board found the opinion of the examiner who conducted the third DVA examination to be the most persuasive "because it relie[d] on the objective medical documents in the record rather that [sic] the slight probative recollections of the veteran, his relatives, acquaintances, and a service comrade." (Appellant App. 22.) The Board indicated that it did not find Dr. Manges's opinion persuasive because it relied on the recollections expressed in the lay statements, and that the other two DVA examiner opinions did not "unequivocally state that the veteran's psychiatric disability began in service or within one year of his separation from service in December 1975."

(Id.) Thus, the Board found that the preponderance of the evidence was against Mr. Buchanan's claim for service connection for a psychiatric disability and denied his claim.

On appeal, the Veterans Court found that the Board's decision was not clearly erroneous and that it was supported by an adequate statement of reasons or bases. Specifically, the court noted that the Board considered the lay and medical evidence of record and concluded that service connection was not warranted because the credible evidence of record did not show the presence of a psychiatric disorder during service or that such disability had manifested to a compensable degree during the applicable presumptive period. The court noted that it was not error for the Board to favor the opinion of one competent medical expert over another when the Board provides an adequate statement of its reasons and bases. Further, the court did not find error in the Board's determination that the lay evidence lacked credibility. Finally, the court rejected Mr. Buchanan's request for another medical examination because it found that the third DVA examiner's opinion was sufficiently detailed and that it thoroughly reviewed the available medical records. Thus, the court affirmed the decision of the Board denying Mr. Buchanan's claim for service connection.

Mr. Buchanan timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

### A. Standard of Review

Pursuant to 38 U.S.C. § 7292(a), any party to the case may obtain review of a Veterans Court's decision upon a rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court in making its decision. Under 38

U.S.C. § 7292(c), this court has exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

This court reviews legal determinations of the Veterans Court under a de novo standard. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this court may "affirm or, if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1) (2000).

## B. Analysis

On appeal, Mr. Buchanan asserts that the Veterans Court committed legal error by improperly interpreting 38 U.S.C. §§ 1154(a), 5107(b), 38 C.F.R. §§ 3.303(a), (b), and 3.307(b) to require that lay evidence of medical symptoms be accompanied by

contemporaneous medical records in order to support an award of service-connected benefits. Specifically, he argues that the Veterans Court erred because it accepted certain statements by the Board that applied the legally erroneous interpretation requiring contemporaneous medical records.

The Secretary of Veterans Affairs (the "Secretary") essentially asserts two arguments in response. First, the Secretary argues that we lack jurisdiction to review a finding by the Veterans Court that the evidence Mr. Buchanan submitted was not sufficient to support his claim for service connection and that the determination of the Board denying his claim was not clearly erroneous. Second, the Secretary asserts that the Veterans Court's decision cannot be faulted because the court recognized that the Board analyzed the lay and medical evidence and determined that credible evidence did not support Mr. Buchanan's claim for service connection. In this context, the Secretary argues that the Board did not hold as a matter of law that lay statements are inadequate in the absence of corroborating clinical records, and thus that the Veterans Court decision did not implicitly endorse the allegedly erroneous interpretation argued by Mr. Buchanan.

In this case, Mr. Buchanan challenges the Veterans Court's endorsement of the Board's legal interpretation of the relevant statutory and regulatory provisions pertaining to the types of evidence which may support a claim for benefits. Contrary to the Secretary's assertion, Mr. Buchanan is not challenging the application of law to the particular facts of his case, nor asking us to re-weigh the relevant facts. Thus, we have jurisdiction under 38 U.S.C. § 7292(c) to review the Veterans Court's interpretation of those provisions.

Pursuant to 38 U.S.C. § 1154(a), the Secretary was required to include, in regulations pertaining to service connection, "additional provisions in effect requiring that in each case where a veteran is seeking service-connection for any disability due consideration shall be given to . . . all pertinent medical and <u>lay evidence</u> . . . ." (emphasis added). In addition, 38 U.S.C. § 5107(b) provides that

> [t]he Secretary shall consider all information and <u>lay</u> and medical <u>evidence</u> of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

(Emphases added.) In accordance with 38 C.F.R. § 3.307(b), "[t]he factual basis [for establishing a chronic disease] may be established by medical evidence, <u>competent lay evidence</u> or both. . . . Lay evidence should describe the material and relevant facts as to the veteran's disability observed within such period, not merely conclusions based upon opinion." (Emphasis added.) Finally, 38 C.F.R. § 3.303(a) provides that each disabling condition for which a veteran seeks service connection, "must be considered on the basis of . . . all pertinent medical and <u>lay evidence</u>." (Emphasis added.)

As these provisions make clear, lay evidence is one type of evidence that must be considered, if submitted, when a veteran's claim seeks disability benefits. In fact, 38 C.F.R. § 3.307(b) clearly states that the factual basis for proving the existence of a chronic disease may be established by "medical evidence, competent lay evidence or both." Thus, nothing in the regulatory or statutory provisions described above require both medical and competent lay evidence; rather, they make clear that competent lay evidence can be sufficient in and of itself.

The Veterans Court here stated that the Board found no "competent" evidence of record to substantiate Mr. Buchanan's claim that his psychiatric condition began during his first period of service or within the first year after service and thus, the Board's decision was not clearly erroneous. The Board's decision, however, does not reflect a determination on the competency of the lay statements. Rather, it reveals that the Board improperly determined that the lay statements lacked credibility merely because they were not corroborated by contemporaneous medical records.

The Board stated that "[r]ecollections of medical problems some 20 years after the veteran's separation from service have slight probative value and lack credibility absent confirmatory clinical records to substantiate such recollections." (Appellant App. 21.) This statement reflects the Board's view that it considered the lay statements to be of slight probative value because of the significant time delay between the affiants' observations of Mr. Buchanan's behavior and the date on which the statements were written. That determination by the Board is completely within the Board's discretion to weigh the evidence submitted by the veteran in support of a claim for benefits and it does not appear to be the subject of Mr. Buchanan's challenge here. The second portion of the Board's statement, that the lay statements lack credibility absent confirmatory clinical records to substantiate such recollections, however, is another matter. The second portion of the Board's statement reflects a legally untenable interpretation of the above enumerated statutory and regulatory provisions: that absent confirmatory medical evidence, lay evidence lacks credibility. While the lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran's lay evidence, the lack of such records does not, in and of itself,

render lay evidence not credible. Such an interpretation is unreasonable because it would render portions of the statutes and regulations meaningless as it would read out the option of establishing service connection based on competent lay evidence.

We also note that the Board found the opinion of the 2002 DVA examiner to be "the most persuasive evidence of record because it relies on the objective medical documents in the record rather that [sic] the slight probative recollections of the veteran, his relatives, acquaintances, and a service comrade." (Appellant App. 22.) The examiner, however, ultimately relies not on the objective medical evidence, but rather the absence of such in reaching her opinion that the onset of Mr. Buchanan's psychiatric symptoms did not occur during his first period of service or within one year following that service.[1] As the opinion summary states: "Thus, given the absence of any medical documentation from the veteran's [first] period of active duty service . . . and given the absence of any medical documentation of psychiatric symptoms or treatment within the one-year presumptive period, . . . the veteran's onset of symptoms of schizophrenia did not occur during his first period of active service or during the one year presumptive period." (Appellant App. 52.)

This is not to say that the Board may not discount lay evidence when such discounting is appropriate. Rather, the Board, as fact finder, is obligated to, and fully justified in, determining whether lay evidence is credible in and of itself, i.e., because of possible bias, conflicting statements, etc. Nor do we hold that the Board cannot weigh

---

[1] Indeed, the examiner's opinion appears to have failed to consider whether the lay statements presented sufficient evidence of the etiology of Mr. Buchanan's disability such that his claim of service connection could be proven without contemporaneous medical evidence.

the absence of contemporaneous medical evidence against the lay evidence of record. Under the correct interpretation of the relevant statutory and regulatory provisions, however, the Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. If the Board concludes that the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should not be an absolute bar to the veteran's ability to prove his claim of entitlement to disability benefits based on that competent lay evidence.

## III. CONCLUSION

The Veterans Court erred by affirming the Board's erroneous statutory and regulatory interpretation that lay evidence cannot be credible absent confirmatory clinical records to substantiate the facts described in that lay evidence. Accordingly, we vacate the Veterans Court decision and remand the case for proceedings consistent with this opinion.

## COSTS

Each party shall bear its own costs.

## VACATED and REMANDED