NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7205

ALVIN Y. GRAVELY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.  Of counsel was Heather R. Cessna.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2007-7205

ALVIN Y. GRAVELY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1395, Judge Lawrence B. Hagel.

_____

DECIDED:  February 8, 2008

_____

Before GAJARSA, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Alvin Y. Gravely ("Gravely") appeals from an March 19, 2007 final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a March 2, 2005 decision by the Board of Veterans' Appeals ("Board") that denied entitlement to service connection for anxiety disorder.  Because Gravely's arguments on appeal relate to issues over which we do not have jurisdiction, <u>see</u> 38 U.S.C. § 7292(d)(2), we <u>dismiss</u>.

Our jurisdiction to hear appeals from the Veterans Court is strictly limited to questions of law; we have no jurisdiction to review "(A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). While the refusal to consider lay evidence may be contrary to law, see Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006), we do not read either the decision of the Board or of the Veterans Court as inconsistent with our past decisions in this area. Rather, we read the Board as merely holding that there is no probative evidence in this particular case, and the Veterans Court as affirming that decision. Thus, although Gravely posits that the Veterans Court's decision rests on an erroneous interpretation of 38 U.S.C. §§ 1145(a), 5107(b) and 38 C.F.R. §§ 3.102, 3.303(a), Gravely's arguments on appeal all relate to alleged errors in the Board's factual finding that there was no service connnection. Such arguments are directed to factual determinations and the application of law to facts—issues outside the scope of our jurisdiction. Accordingly, because Gravely fails to present an issue over which we have jurisdiction, the appeal is dismissed.

COSTS

No costs.