NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7087

DONALD L. WOODARD,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Donald L. Woodard, of Fort Wayne, Indiana, pro se.

Robert C. Bigler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7087

DONALD L. WOODARD,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0409, Judge William A. Moorman.

_____

DECIDED:  September 16, 2008

_____

Before RADER and DYK, <u>Circuit Judges</u>, and WALKER[*], <u>Chief District Judge</u>.
PER CURIAM.


The United States Court of Appeals for Veterans Claims (Veterans Court) upheld the denial of an effective date earlier than December 23, 1998, for Mr. Woodard's service connected psychiatric disability.  The Veterans Court further held that Mr. Woodard had been afforded sufficient due process when he was put on notice of his right to a hearing.  Because Mr. Woodard received notice of his right to a hearing, this court <u>affirms-in-part</u>.  To the extent Mr. Woodard seeks review of the effective date for his disability benefits, his appeal falls outside this court's jurisdiction.  This court therefore <u>dismisses-in-part</u>.


* Honorable Vaughn R. Walker, Chief District Judge of the Northern District of California, sitting by designation.

I

Mr. Woodard served in active duty in the U.S. Air Force from June 1973 to January 1975. In October 1981, he submitted an application for veterans benefits for service-connected manic depressive order with an effective date of June 1980. The Veterans Affairs regional office (RO) denied his application in December of 1981. Mr. Woodard did not appeal that decision.

In September 1993, Mr. Woodard filed another application for service connection for a psychiatric disability. The RO denied this claim in January 1994. Mr. Woodard appealed. In April 1997, the Board of Veterans' Appeals (Board) upheld the RO's denial. Mr. Woodard did not appeal that decision.

In September 1997, Mr. Woodard requested a copy of his entire claims file. The Board found that this letter did not amount to a request to reopen his case. On December 23, 1998, Mr. Woodard sent a letter requesting that his claims be reopened based on new and material evidence. That evidence included a May 1998 medical opinion by Dr. Jay Patel suggesting a possible service connection for Mr. Woodard's psychiatric disorder. The RO denied the request to reopen for lack of adequate evidence. Mr. Woodard filed a notice of disagreement.

In April of 2002, the Board determined that Mr. Woodard had presented new and material evidence. On the basis of this evidence, the Board granted a service connection for Mr. Woodard's psychiatric disorder. On remand, the RO assigned a disability rating of 70% effective December 23, 1998 — the date that the RO received the new and material evidence.

In October 2002, Mr. Woodard's counsel sent a letter to the RO challenging the December 23, 1998 effective date. The RO nonetheless retained the December 1998 effective date. Mr. Woodard appealed to the Board. In May 2004, Mr. Woodard's counsel sent a letter to the RO indicating that Mr. Woodard "has no further information to submit in support of his claim for an earlier date; his claim is based on the records in the file." On September 23, 2005, the Board again denied Mr. Woodard's claim for an earlier effective date. Mr. Woodard appealed the Board's decision to the Veterans Court.

Before the Veterans Court, Mr. Woodard asserted a denial of due process because he did not receive a hearing before the Board. The Veterans Court found that the VA had apprised Mr. Woodard of his right to a hearing, but Mr. Woodward had not requested this additional procedure. Mr. Woodard timely appealed to this court.

II

This court has limited jurisdiction to review the decisions of the Veterans Court. See 38 U.S.C. §7292. As proscribed by 38 U.S.C. § 7292(d)(2), except for constitutional issues, this court "may not review any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case." Buchannan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

On appeal, Mr. Woodard argues that he was denied procedural due process because he was not allowed to address the Veterans Court. He further submits that the denial of benefits was a violation of his constitutional rights.

In order to succeed on a claim for violation of due process rights, Mr. Woodard must identify a protected interest in life, liberty, or property. Procedural due process

requires notice and an opportunity to be heard before deprivation of any protected interest. <u>Cleveland Bd. of Educ. V. Loudermill</u>, 470 U.S. 532, 542 (1985). Moreover, the mere filing of an application for benefits does not establish a protected property interest. <u>Stearn v. Dep't of Navy</u>, 280 F.3d 1376, 1384 (Fed. Cir. 2002).

In this case, the Veterans Court found that the appellant was afforded his due process rights. Mr. Woodard was placed on notice of his right to a hearing before the Board. Mr. Woodard chose not to request a hearing. Thus, the Veterans Court afforded Mr. Woodard with adequate procedural due process.

Mr. Woodard also challenges the effective date assigned by the RO and upheld by the Board and Veterans Court. In his reply brief, Mr. Woodard disputes the Board's reliance on the evaluation of Dr. Patel over his treating physician. However, that challenge presents a factual dispute that falls outside this court's jurisdiction. <u>See</u> 38 U.S.C. §7292(d)(2). Because Mr. Woodard's challenge with respect to the effective date is factual in nature, this court dismisses for lack of jurisdiction.

For these reasons, this appeal is affirmed-in-part and dismissed-in-part.

AFFIRMED-IN-PART AND DISMISSED-IN-PART

<u>COSTS</u>

Each party shall bear its own costs.