Citation Nr: 1339298 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-10 029 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a herniated disc. 


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel







INTRODUCTION

The Veteran served on active duty from July 1994 to July 1998. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 


FINDING OF FACT

The preponderance of the evidence demonstrates a causal linkage between the Veteran's herniated disc and in-service back injury.


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria are met to establish service connection for a herniated disc at L5-S1. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107(b) (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) provides that VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). Given that the instant claim is being granted, any deficiency with regard to implementation of the VCAA is rendered moot. See 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013).

Under VA law, service connection may be granted for any current disability that is the result of a disease contracted or an injury sustained while on active duty service. 38 U.S.C.A. § 1110 (West 2002 & Supp. 2013); 38 C.F.R. § 3.303(a) (2013). Service connection may also be granted for a disease diagnosed after discharge, where all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2013).

The elements of a valid claim for direct service connection are as follows: (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Hickson v. West, 12 Vet. App. 247, 253 (1999).

Where a chronic disease is shown during service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. Continuity of symptomatology is required where the condition noted during service is not shown to be chronic, or where the diagnosis of chronicity may be legitimately questioned. Under the latter circumstances, a showing of continuity of symptomatology at the time of service discharge and continuing thereafter is required to support the claim. 38 C.F.R. § 3.303(b). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has since clarified in Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) that the availability of continuity of symptomatology as a principle to substantiate service connection is limited to where involving those above-referenced diseases denoted as "chronic" (and for which presumptive service connection is otherwise available) under 38 C.F.R. § 3.309(a).

Generally, lay statement evidence may have direct relevance to establishing underlying components of a claim for service connection. Where lay testimony provided regarding in-service injury is credible and competent, the absence of contemporaneous medical documentation does not preclude further evaluation as to the etiology of the claimed disorder. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006).

Lay testimony where found credible is also competent to establish the presence of continuity of symptomatology for a claimed disability during and since separation from military service (again, subject to the limitation that a "chronic" disease is involved as defined under 38 C.F.R. § 3.309(a)). See Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). 

The Veteran alleges indicates that he injured his back while lifting heavy materials for a helicopter landing pad. He observes that military physicians repeatedly diagnosed him with low back strain, and contends that had an MRI been conducted of the lumbar spine that a herniated disc would likely have been discovered.

There is sufficient evidence upon which to premise a grant of service connection. The Veteran's service treatment records (STRs) document several instances of low back strain, on one occasion after a field exercise involving heavy lifting. This is followed by the post-service diagnosis of a herniated disc a L5-S1 from an October 2007 MRI study. Finally, there is substantiation of a causal nexus between in-service injury and current disability. A September 2010 VA examiner found it at least as likely as not that a herniated disc was due to service. The Veteran also alleges continuity of of a degenerative process of the lumbar spine since service. Accordingly, the criteria for service connection are met. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for a herniated disc at L5-S1 is granted.



____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs