﻿Citation Nr: 18132500
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-09 766
DATE: September 6, 2018
REMANDED
Service connection for an acquired psychiatric condition, to include posttraumatic stress disorder (PTSD), depressive disorder with anxiety, and anxiety disorder is remanded.
REASONS FOR REMAND
The Veteran served on active duty in the United States Navy from April 1981 to April 1983.
Initially, the Veteran characterized his psychiatric claim as entitlement to service connection for PTSD, depression, and anxiety. The Regional Office (RO) treated these as three separate service connection claims. 
Under Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), the Veteran’s claim should not be limited to a particular diagnosis, “but must rather be considered a claim for any mental disability that may be reasonably encompassed.” Upon review of the evidence, the Board has elected to re-characterize these claims as one issue for an acquired psychiatric condition, to include PTSD, depressive disorder with anxiety, and anxiety disorder.
The Board notes that the Veteran’s claim, and his Notice of Disagreement, previously included claims for service connection for his right knee and his right shoulder. However, in his Substantive Appeal, the Veteran chose to appeal his psychiatric claims only. Accordingly, the issues of service connection for the right knee and right shoulder are not before the Board.
1. Service connection for an acquired psychiatric condition, to include posttraumatic stress disorder (PTSD), depressive disorder with anxiety, and anxiety disorder, is remanded.
The Veteran asserts that his current psychiatric condition is directly linked to a Freon accident aboard the USS Bainbridge in January 1982 (Substantive Appeal). The Veteran helped recover the affected sailors and wrote, “I’ve struggled for the last 30 years, picturing the face of a sailor suffocating…I have not been able to forget the accident.” He noted that he left the Navy under an early discharge, and wrote, “to sum it all up, my Navy career was cut short because of the stress and emotional trauma,” due to his witnessing his fellow sailor’s deaths. See also Notice of Disagreement.
The Veteran attended a December 2014 Initial PTSD VA examination. The examiner determined that the Veteran did not have a diagnosis of PTSD and opined that, “It is less likely than not that his current symptoms of anxiety and depression are related to his in-service experiences as there are no records indicating this,” presumably regarding treatment records after his service, as there is an entry for a psychiatric interview in the service treatment record (August 1982).
It is well-settled that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (finding lack of contemporaneous medical records does not serve as an “absolute bar” to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) (“Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms”). 
Having reviewed the December 2014 VA examiner’s opinion, the Board finds that it is inadequate for VA disability compensation purposes. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). To be adequate, an examination must take into account an accurate history. Nieves-Rodriguez v. Nicholson, 22 Vet. App. 295 (2008). If an examiner does not consider the Veteran’s history, complaints, and lay statements, any negative opinion is inadequate for rating purposes. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). 
Here, it appears that the Veteran’s credible and consistent lay statements have not been considered. The examination appeared to have focused on PTSD, which was not diagnosed. The examiner diagnosed the Veteran with depressive disorder NOS. However, this diagnosis was not adequately addressed, as the examiner did not explain how it may have been related to the Veteran’s in-service incident, other than stating that he met the criteria for depressive disorder, and his symptomology is controlled by medication. 
The matters are REMANDED for the following action:
Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any acquired psychiatric condition. 
(Continued on the next page)
 
The examiner must opine whether any mental health diagnosis is at least as likely as not related to an in-service injury, event, or disease, including the Veteran’s involvement in the Freon accident aboard the USS Bainbridge and his witnessing the subsequent death of three sailors, as well as his lay statements regarding 30 years of struggling with anxiety and depression since his Navy discharge.
 
T. REYNOLDS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Nelson, Associate Counsel