﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 181107-1115
DATE: February 22, 2019

ORDER

Service connection for bilateral tinnitus is denied.

FINDING OF FACT

The Veteran’s tinnitus was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for tinnitus are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran had active service in the U.S. Air Force from July 1962 to July 1966. He selected the Higher-Level Review lane when he submitted his RAMP election form. Accordingly, the October 2018 RAMP decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service connection for bilateral tinnitus

The Veteran contends that he has tinnitus due to noise exposure associated with his duties as a jet engine mechanic during service.

The AOJ found that the Veteran was exposed to noise in service based on his military occupational specialty (MOS) as a jet engine mechanic.

Certain chronic diseases, including tinnitus, will be presumed related to service if they were shown as chronic (reliably diagnosed) in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303, 3.307, 3.309.

The question in this case is whether the Veteran has tinnitus that was noted as chronic in service, that manifested to a compensable degree in service or within the applicable presumptive period, or whether continuity of tinnitus symptomatology has existed since service.

The Board concludes that, while the Veteran has tinnitus, it was not shown as chronic in service or within a presumptive period, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. 

The Veteran is competent to report his own tinnitus. However, his first report of this condition was in June 2016, decades after his separation from service and decades outside of the applicable presumptive period. 

In June 2016 and March 2017 statements, the Veteran and his representative asserted that tinnitus had its onset during service and has continued since that time. During his July 2016 VA examination, the Veteran indicated 1965 as the approximate date of onset for tinnitus. 

While the Veteran is competent to report experiencing symptoms of tinnitus starting in service and continuously since then, the Board finds these reports not credible because they are inconsistent with the contemporaneous treatment records. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). Specifically, service treatment records are negative for any complaints, treatment or diagnoses of tinnitus during service. A July 1963 hearing conservation sheet included a section for an examiner to document the presence of tinnitus or other ear-related abnormalities, but that section was blank. The Veteran’s June 1966 separation examination was normal, and he specifically denied a history of ringing ears on the accompanying medical history report.

Although these records do not show any tinnitus, they contain several entries for other medical problems, including eye problems in May 1963, cold symptoms in May 1964, a cough in August 1965, a right ankle problem in November 1965, cold symptoms in March 1966, and rash in April 1966. As part of his separation examination, the Veteran reported a history of a knee rash, shortness of breath, painful urination, motion sickness and other complaints. In other words, the Veteran was regularly reporting a variety of health-related issues during service, including through his separation examination. He did not report tinnitus, and in fact affirmatively denied the presence of ringing ears at the time of his separation examination. This strongly suggests that tinnitus was not present during service. AZ v. Shinseki, 731 F.3d 1303, 1318 (Fed. Cir. 2013) (recognizing the widely-held view that the absence of an entry in a record may be considered evidence that the fact did not occur if it appears that the fact would have been recorded if present).

Service connection for tinnitus may still be granted on a direct basis; however, the preponderance of the evidence is against finding that a medical nexus exists between the Veteran’s current tinnitus and his in-service noise exposure. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303. 

The July 2016 VA examiner opined that the Veteran’s tinnitus was not at least as likely as not related to service. The rationale was that, in addition to the lack of any mention of tinnitus in the service records, the Veteran did not have any significant shifts in audiometric thresholds recorded during service and his current hearing was normal for VA purposes. Although not stated by the examiner, the Board reasonably infers from the examiner’s statements that the Veteran did not sustain any acoustic damage to his ears during service. Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) (“The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder.”).

While the Veteran believes his tinnitus is related to noise exposure in service, he is not competent to provide a nexus opinion in this case. This issue is medically complex and requires specialized medical education/knowledge of the interaction between noise and various components of the ear. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

The appeal is accordingly denied. In making this determination, the Board has considered the provisions of 38 U.S.C. § 5107(b) regarding benefit of the doubt, 

 

but there is not such a state of equipoise of positive and negative evidence to otherwise grant the Veteran’s claim.

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Shamil Patel, Counsel