﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190731-16544
DATE: August 27, 2019

ORDER

Service connection for bilateral hearing loss is granted. 

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. The evidence is at least evenly balanced as to whether the Veteran’s bilateral hearing loss had its onset in service.

2. The evidence is at least evenly balanced as to whether the Veteran’s tinnitus had its onset in service.

CONCLUSIONS OF LAW

1. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 1154; 38 C.F.R. §§ 3.102, 3.303, 3.385.

2. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110 1154; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1966 to September 1968, including service in the Republic of Vietnam. His awards include the Combat Infantryman Badge. 

The Appeals Modernization Act (AMA) rating decision on appeal was issued in July 2019. In that AMA decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was submitted to warrant reopening the claims of service connection for bilateral hearing loss and tinnitus. The Board is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)).

In the Veteran’s July 2019 VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)), he selected the Direct Review lane.

Service Connection

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things—(1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

The Veteran claims that his bilateral hearing loss and tinnitus began during service and that they are the result his combat military service while stationed in the Republic of Vietnam. See, e.g., VA Form 21-526EZ dated March 2019. Specifically, he reports that he was exposed to loud noise exposure during combat, such as from M14 and M16 rifles, explosions, and grenades. 

The AOJ found that the Veteran has current diagnoses of tinnitus and bilateral hearing loss and that he was exposed to in-service acoustic trauma during his Vietnam service, as his military occupational specialty (MOS) was light weapons infantryman.

This case turns on the remaining element of service connection, which is whether the Veteran’s bilateral hearing loss and tinnitus are related to, or had their onset during, his military service. See 38 C.F.R. § 3.303(a).

The evidence demonstrates that the Veteran’s tinnitus and bilateral hearing loss symptoms began during service and continued since service. In this regard, in the Veteran’s March 2019 claim, he reported that his tinnitus and bilateral hearing loss began during service. Additionally, in a March 2019 statement, the Veteran reported that he has experienced high pitch tone frequencies in his ears since service. Furthermore, as indicated above, the Veteran is the recipient of the Combat Infantryman Badge and his in-service noise exposure has been conceded. 

Where a veteran engaged in combat, satisfactory lay evidence that an injury or disease was incurred in service will be accepted as sufficient proof of service connection where such evidence is consistent with the circumstances, conditions, or hardships of service. 38 U.S.C. § 1154(b). The combat rules not only reduce the evidentiary burden for establishing in-service injury, but also allow a combat veteran to use “satisfactory lay or other evidence” to establish that he incurred the disability itself in service, even in cases where “there is no official record” that such injury or disability occurred. Reeves v. Shinseki, 682 F.3d 988, 998 (Fed. Cir. 2012).

Therefore, the presence of bilateral hearing loss symptoms and tinnitus in service is established. Moreover, the Veteran’s statements, noted above, indicate that his tinnitus and bilateral hearing loss have continued in the years since service.

The Veteran is competent to report continuous tinnitus and bilateral hearing loss symptoms in the years since service. Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006). Therefore, the Veteran’s reports of continuous tinnitus and bilateral hearing loss symptoms in the years since service are credible.

The VA audiologist who conducted the May 2019 VA audiological examination opined that it is less likely than not that the Veteran’s bilateral hearing loss and tinnitus are related to his military service. The VA audiologist reasoned that the Veteran’s service records showed normal audiometric thresholds in 1966 and 1968. The VA audiologist also stated that the Veteran’s hearing loss “appears” to have occurred after his military service, as he was exposed to occupational noise exposure from working in a machine shop (with use of hearing protection). Specifically, as to the tinnitus, the VA audiologist cited to a 2009 VA evaluation treatment record in which the Veteran estimated that his tinnitus began in 2004.

Notably, following the Veteran’s 2009 VA evaluation treatment, he has clarified that he experienced symptoms of tinnitus beginning in service and that it has continued since. See Veteran’s claim dated March 2019. 

(Continued on the next page)

 

The May 2019 VA audiological examination negative nexus opinions are afforded little probative value. The VA audiologist’s negative nexus opinions were, in part, based on normal audiometric thresholds, and failed to consider the Veteran’s in-service noise exposure during combat while stationed in Vietnam and that he experienced tinnitus and symptoms of bilateral hearing loss since service. In this regard, a medical opinion is inadequate if it is based solely on the absence of documentation in the record and does not take into account the Veteran’s reports of symptoms and history (even if recorded in the course of the examination). Dalton v. Peake, 21 Vet. App. 23 (2007). This is particularly true in the case of a combat veteran. Congress enacted the combat statute because of its concern that combat veterans faced “major obstacle[s]” when seeking to assemble the medical records necessary to establish that they suffered an injury or disease while in service. Reeves, 682 F.3d at 998 (citing H.R. Rep. No. 1157, at 3 (1941)). 

The evidence is at least evenly balanced as to whether the Veteran’s bilateral hearing loss tinnitus had their onset in service. Service connection for bilateral hearing loss and tinnitus are warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

James March

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Castillo, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.