﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191030-41093
DATE: May 29, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The Veteran has experienced continuous symptoms of hearing loss since his separation from service.

2. The Veteran has experienced continuous symptoms of tinnitus since his separation from service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from September 1963 to September 1967. 

This appeal comes before the Board of Veterans’ Appeals (Board) from an October 2017 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In October 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2 (d).

The Veteran selected to opt-in to the modernized review system from his October 2019 Statement of the Case (SOC). The Veteran timely appealed this SOC in October 2019 to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction. See VA Form 10182.

Service Connection

Generally, service connection may be granted for a disability or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. In order to establish service connection for a claimed disability, there must be: (1) medical evidence of a current disability; (2) medical evidence, or in certain circumstances lay testimony, of in-service incurrence or aggravation of an injury or disease; and (3) evidence of a nexus between the current disability and the in-service disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999).

Service connection may also be established when the evidence shows that a Veteran had a chronic condition in service or during the applicable presumptive period. 38 C.F.R. § 3.303 (b). Hearing loss and tinnitus may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

If there is no manifestation within one year of service, service connection for a recognized chronic disease can still be established through continuity of symptomatology. 38 C.F.R. § § §3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (2013). Continuity of symptomatology requires the chronic disease to have manifested in service. 38 C.F.R. § 3.303 (b). In-service manifestation means a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings. Id.

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154 (a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran’s lay statements. Id. 

Impaired hearing will be considered to be a disability under the laws administered by the VA when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The Court has held that the threshold for normal hearing is from 0 to 20 decibels, and that higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). The auditory thresholds set forth in 38 C.F.R. § 3.385 establish when hearing loss is severe enough to be service connected. Id. at 159.

When audiometric test results at a Veteran’s separation from service do not meet the regulatory requirements for establishing a “disability” at that time, the Veteran may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service. Hensley, 5 Vet. App. at 160.

1. Entitlement to service connection for bilateral hearing loss is granted. 

As to the first element of Hickson for service connection, a current disability, the Veteran underwent an October 2017 VA audiological examination. Puretone testing results were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 40 40 70 75 90

LEFT 45 50 70 75 85

The October 2017 VA audiology examination confirms that the Veteran has a current diagnosis of a hearing loss disability in accordance with VA regulations for compensation purposes. Per the audiological examination, the Veteran’s auditory threshold in both the right and left ears is 40 decibels or greater for the 500, 1000, 2000, 3000, and 4000 Hz frequencies. Additionally, in both the right and left ears, the Veteran’s auditory thresholds for at least three of the frequencies are 26 decibels or greater. Thus, the Veteran’s claim satisfies the first element under Hickson. See 38 C.F.R. § 3.385.

As to the second element of Hickson for service connection, an in-service event, the Veteran contends that he suffered acoustic trauma while in-service due to noise exposure as a result of his military occupational specialty (MOS) exposing him to the use of heavy machinery and jet engine noise. See August 2017 Statement in Support of Claim. The Veteran’s DD Form 214 confirms that his MOS was an Aircraft Mechanic. The Veteran’s lay statements are consistent with the places, types, and circumstances of his service. See 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a) (each disabling condition for which a veteran seeks service connection must be considered based on factors including the time, place, and circumstances of service as shown by a veteran’s service records). The Board finds the Veteran’s lay testimony to be consistent with his Military Personnel Records, and therefore the Board concedes in-service exposure to hazardous noises, which qualifies as an in-service event. The second element of Hickson for service connection, an in-service event or injury, is met.

As to the third element of Hickson for service connection, the Veteran must show evidence of a nexus between the current disability and the in-service disease or injury. The Veteran underwent a VA examination in October 2017. The VA examiner’s opinion stated it is not at least as likely as not that the Veteran’s hearing loss is related to service. The examiner indicated the Veteran’s exit audiogram from service documented normal hearing at separation and the results were consistent with entrance data showing no significant threshold shifts. The Veteran’s military occupational specialty is associated with high risk noise, but service treatment records show no evidence that it resulted in or caused hearing loss. The service treatment records were also negative for any reports of hearing loss. The Veteran had normal auditory thresholds at separation and standard threshold shift did not occur for either ear when comparing entrance and separation evaluations. The examiner cited to an Institute of Medicine study stating that there is insufficient scientific evidence to support delayed onset hearing loss secondary to military noise exposure. As the examiner did not addressed the lay evidence of hearing in service and since service, Board finds the October 2017 VA examiner’s opinion is not probative. 

Weighing in favor of the Veteran’s claim are his lay statements alleging that his bilateral hearing loss condition had its onset in service, has been continuous since service and was caused by acoustic trauma, namely from the jet engine noise. The Board finds the Veteran to be a credible historian, and his lay statements are therefore found to be probative; lay statements may be sufficient evidence in any claim for service connection. 38 C.F.R. § 3.303 (a); see also 38 U.S.C. § 1154 (a).

In light of the foregoing, the Board finds that service connection for bilateral hearing loss is warranted as the competent and probative evidence of record showing a current disability, in-service noise exposure, as well as lay statements supporting continuity of symptomatology since service. Any reasonable doubt is resolved in the Veteran’s favor. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. The claim for entitlement to service connection for bilateral hearing loss is granted. 

2. Entitlement to service connection for tinnitus is granted. 

As to the first element of Hickson for service connection, a current disability, the Veteran underwent an October 2017 VA examination and was diagnosed with tinnitus. Therefore, the Board finds that the Veteran’s claim for service connection meets the first element of Hickson.

As to the second element of Hickson for service connection, an in-service event, the Veteran contends that he suffered acoustic trauma while in-service due to noise exposure as a result of his military occupational specialty (MOS) exposing him to the use of heavy machinery and jet engine noise. See August 2017 Statement in Support of Claim. The Veteran’s DD Form 214 confirms that his MOS was an Aircraft Mechanic. The Veteran’s lay statements are consistent with the places, types, and circumstances of his service. See 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a) (each disabling condition for which a veteran seeks service connection must be considered based on factors including the time, place, and circumstances of service as shown by a veteran’s service records). The Board finds the Veteran’s lay testimony to be consistent with his Military Personnel Records, and therefore the Board concedes in-service exposure to hazardous noises, which qualifies as an in-service event. The second element of Hickson for service connection, an in-service event or injury, is met.

As to the third element of Hickson for service connection, the Veteran must show evidence of a nexus between the current disability and the in-service disease or injury. 

The Veteran underwent a VA examination in October 2017. The VA examiner indicated it is less likely than not that the Veteran’s tinnitus was caused by or the result of military noise exposure. The Veteran’s service treatment records were negative for reports of tinnitus. The Veteran’s MOS is associated with exposure to high risk noise but there is no evidence indicating acoustic trauma related to military service resulting in tinnitus. The Veteran also did not time lock tinnitus onset to military service. The Veteran indicated to the examiner that he was not sure when his tinnitus began but that he has had it for 30 years. However, in a Statement in Support of Claim, the Veteran indicated he has had tinnitus continuously since separation from service. See August 2017 VA Form 21-4138. As the October 2017 VA examiner did not address this lay statement by the Veteran that he has had tinnitus continuously since service, the Board affords this opinion no probative value. 

Weighing in favor of the Veteran’s claim are his lay statements alleging that his currently diagnosed tinnitus condition is related to service. Specifically, the Veteran claims that he has had ringing in the ears ever since service. The Veteran claims to have been exposed to hazardous noises in-service. Id. The Board finds the Veteran to be a credible historian, and his lay statements are therefore found to be probative; lay statements may be sufficient evidence in any claim for service connection. 38 C.F.R. § 3.303 (a); see also 38 U.S.C. § 1154 (a).

(Continued on the next page)

 

In light of the foregoing, the Board finds that service connection for tinnitus is warranted as the competent and probative evidence of record showing a current disability, in-service noise exposure, as well as lay statements supporting continuity of symptomatology since service. Therefore, any reasonable doubt is resolved in his favor of the Veteran. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Therefore, the Veteran’s claim for service connection for tinnitus is granted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Holcombe, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.