﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200114-54251
DATE: November 30, 2020

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The evidence of record indicates that the Veteran’s service-connected disabilities prevent him from obtaining and maintaining substantially gainful employment consistent with his educational and vocational experience. 

CONCLUSION OF LAW

The criteria for establishing entitlement to a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.341, 3.401, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from November 1979 to November 1982.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In January 2020, the Veteran disagreed with the above-noted rating decision and filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)). The Veteran selected the Direct Review lane by submitting notice of disagreement under the appeals Modernization Act (AMA) 38 C.F.R. § 19.2(d). Accordingly, the Board is limited to review of the evidence in the record up and until the date of the rating decision on appeal; for the issue adjudicated below, that date is November 25, 2019.

Legal Criteria 

As an initial matter, the Board observes that the Veteran met the schedular criteria for TDIU from September 2018. The Veteran had a combined schedular rating of 70 percent disabling with dermatophytosis rated at 30 percent disabling; post-traumatic headaches rated at 30 percent disabling; painful forehead scar rated 10 percent disabling; traumatic brain injury (TBI) rated at 10 percent disabling; degenerative left knee arthritis at 10 percent disabling; and instability of the left knee at 10 percent disabling. In January 2019, the Veteran was also rated 10 percent for a disfiguring face scar.

Based on the evidence, the Board finds that the Veteran’s service-connected disabilities preclude him from obtaining or maintaining substantially gainful employment. The Veteran has not worked since his last employment as a forklift operator for Goodwill. See October 2019 VA Form 21-8940 Application for Increased Compensation Based on Unemployability. This job, and virtually any other job, require the Veteran to be able to attend normal workday hours, as well as interact and communicate effectively with others. Additionally, the Veteran has a high school education and denied any additional education or training after becoming disabled. 

The Veteran received multiple VA examinations regarding his service-connected disabilities. A December 2018 Headaches examination noted that the Veteran experiences prostrating attacks of headache pain more frequently than once a month. A December 2018 Traumatic Brain Injury (TBI) examination noted that the Veteran has difficulty with work due to his memory issues and headaches because these issues impact his ability to focus with work related tasks. A November 2019 Knee examination noted that due to the Veteran’s service-connected left knee disability he has difficulty with stairs, is unable to run, and has limitations with bending and kneeling. Further, the Veteran reported that he experiences constant knee pain with flare-ups 4-5 times monthly which makes it difficult to move. Due to the Veteran’s left knee he regularly uses a knee brace and cane, experiences pain with weight bearing, and has a limited ability to carry out tasks that require prolonged walking or standing. A November 2019 VA Headaches examination indicated that the Veteran experiences 5-6 headaches per week. Finally, a November 2019 TBI examination indicated that the Veteran has difficulty with memory, remembering names, recalling conversations and experiences headaches.

The Veteran submitted lay statements regarding his disabilities. The Veteran reported that he had to leave his last employment due to his frequent headaches, knee pain, and his service-connected skin condition becoming irritated due to various factors at his workplace.

In this case, the Board must determine the value of all evidence submitted, including medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The evaluation of evidence generally involves a 3-step inquiry. First, the Board must determine whether the evidence comes from a “competent” source. The Board must then determine if the evidence is credible, or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303 (2007) (Observing that once evidence is determined to be competent, the Board must determine whether such evidence is also credible). The third step of this inquiry requires the Board to weigh the probative value of the proffered evidence in light of the entirety of the record. 

The VA examinations come from competent examiners who support their conclusions with evidence and sound medical reasoning. As such their medical opinions meet the first and second step of the inquiry. However, the opinions address the issue of the Veteran’s employability solely with regards to individual disabilities. As such, no single medical opinion addresses the cumulative effect of all the Veteran’s service-connected disabilities when opining on his employability. As noted above, a determination for a TDIU is based on how all the Veteran’s service-connected disabilities impact his employability. See 38 C.F.R. § 4.16(b). 

The Board has considered the Veteran’s lay statements in support of his claim. He is competent to report symptoms such as pain, itchiness, irritability, and lack of concentration because it requires only personal knowledge as it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465, 469 (1994). In this case, the Veteran has reported that he experienced frequent headaches, constant knee pain, and skin irritation during his last employment. Further, the Veteran has reported frustration and irritability due to his lack of memory and concentration. The Board finds the Veteran competent to report such manifestations. It is generally within the competence of a lay person to identify and observe the effect of a disability under the ordinary conditions of daily life. Many symptoms are readily observable by a lay person. Additionally, the Veteran’s lay statements are consistent with other medical evidence in the record, notably the VA examination reports. Accordingly, the lay evidence provided by the Veteran is unquestionably competent evidence. 

The Board notes that the Veteran’s service-connected disabilities during the relevant time period include dermatophytosis, post-traumatic headaches, painful scar, a traumatic brain injury, degenerative arthritis of the left knee, and instability of the left knee. As noted above, the Veteran’s service-connected disabilities met the schedular requirement for TDIU and the Veteran provided competent evidence addressing his symptoms and limitations. Additionally, as no examiner discussed the combined impact of the Veteran’s service-connected disabilities when opining on the Veteran’s employability, the evidence is at least in equipoise as to whether the Veteran was unemployable due to his service-connected disabilities. Thus, the Board resolves all reasonable doubt in favor of the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

(Continued on the next page)

 

Based on the foregoing, the Board finds that the Veteran’s service-connected disabilities have prevented him from obtaining and maintaining substantial employment, and therefore, a TDIU is warranted from September 28, 2018.

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Gresham

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.