﻿Citation Nr: 18132490
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 14-03 495
DATE: September 6, 2018
ORDER
An acquired psychiatric disability, claimed as depression, to include as due to service-connected disabilities, is denied.
FINDING OF FACT
The Veteran’s acquired psychiatric disability, claimed as depression, is neither proximately due to nor aggravated beyond its natural progression by her service-connected disabilities, and is not otherwise related to an in-service injury, event, or disease.
CONCLUSION OF LAW
The criteria for service connection for acquired psychiatric disability, claimed as depression, are not met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.310.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active service in the United States Army from March 2000 to August 2001, and from April 2003 to February 2007. This matter is before the Board of Veterans’ Appeals (Board) on appeal from an August 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 
The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a Board videoconference hearing in March 2017. A transcript of that hearing is of record. 
In November 2017, the Board granted service connection for posttraumatic stress disorder (PTSD) and remanded the issue of service connection for an acquired psychiatric disorder, to include depression, for additional development. 
The remanded matter has now returned to the Board for appellate consideration. The Board finds there has been substantial compliance with its prior remand directives and will proceed to its analysis on this issue. See D’Aries v. Peake, 22 Vet. App. 97, 105 (2008). 
Entitlement to an acquired psychiatric disability, claimed as depression, 
to include as due to service-connected disabilities.
The Veteran asserts service connection for an acquired psychiatric disability, claimed as depression, as secondary to her service-connected disabilities. 
The question for the Board is whether the Veteran has a current disability that is proximately due to or the result of, or is aggravated beyond its natural progress by a service-connected disability.
The Board concludes that, while the Veteran has a current diagnosis of depression, the preponderance of the evidence is against finding that the Veteran’s depression is proximately due to or the result of, or aggravated beyond its natural progression by a service-connected disability. 38 U.S.C. §§ 1110; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc); 38 C.F.R. § 3.310(a).
The Veteran initially underwent a VA examination in June 2010. The examiner found that the Veteran’s depression was not secondary to her service-connected disabilities. The examiner opined that her condition was fairly well-managed and other factors contributed to her depression, to include family history, unemployment, recent divorce, recent death of her father, a miscarriage, and legal problems. 
The Veteran underwent a VA examination in January 2018. The examiner opined that she had an unspecified personality disorder, rather than depression, as her depression symptoms were described as fleeting. The examiner also found that the Veteran’s depression was less likely than not to have been caused or aggravated by her service-connected PTSD or by her service-connected pseudofolliculitis barbae (PFB). In support of this opinion, the VA examiner noted that the Veteran did not suggest her PFB was a cause of her depression, and that the Veteran did not voice concerns about her appearance. Moreover, the examiner stated that the Veteran did not meet the full criteria for a depressive disorder diagnosis. 
The Board finds this examination to have much probative weight as the examiner reviewed the Veteran’s medical records, addressed the Board’s remand questions, conducted an in-person examination, and documented relevant responses from the Veteran. 
An additional VA examination was conducted in June 2018. The examiner noted 
a diagnosis of persistent depressive disorder. The examiner stated that it was less likely than not related to or aggravated by her service-connected PTSD. The examiner explained that there was not clear evidence it was related to her military service, or her PTSD. Rather, the Veteran was diagnosed and treated for depression after service, and that her symptoms were not continuous since service. The examiner also determined that it was less likely than not that the Veteran’s depression was proximately due to or the result of her PFB. The examiner noted that the Veteran had invested in treating her PFB, and that it had improved. However, her depression was worse recently. The examiner explained that if PFB was a major factor for her depression, then it would have improved as her skin condition improved. 
The Board also finds this examination to have much probative weight as the examiner conducted an in-person examination, reviewed the Veteran’s medical records, and thoroughly supported the opinion with detailed rationale concerning the two main contentions for her depression — PTSD and PFB. 
While the Veteran believes her depression is proximately due to or the result of/aggravated beyond its natural progression by her service-connected disabilities, she is not competent to provide a nexus opinion in this case. The issue is medically complex involving psychiatric disorder and their cause and relationship to other factors. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 
As such, the Board find that the Veteran lacks competency to make a nexus statement. Consequently, the Board gives more probative weight to the 
VA examinations for the reasons noted above. 
Service connection may also be granted on a direct basis, but the preponderance of the evidence is also against finding that the Veteran’s depression is related to an in-service injury, event, or disease. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 
557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d). 
The Veteran is competent to report that she experienced combat and that she witnessed other service members’ death, and her reports are credible and entitled to probative weight. Her reports have been internally consistent, and are consistent with other evidence of record. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). This report has been considered in the Board’s November 2017 grant of service connection for PTSD.
However, the June 2018 VA examiner opined that the Veteran’s depression is not at least as likely as not related to an in-service injury, event (to include being shelled in Iraq), or disease. The rationale was that it was more likely that it was caused by other factors, she was treated for depression after service, and that her depression was not the same mental health disability she had while in service. 
 
After review of the competent and probative evidence, the Board finds that the preponderance of the evidence is against direct service connection for depression. The Board acknowledges that the Veteran experienced traumatic events while in service. However, the probative evidence of record shows that the Veteran developed depression after service and that it is not related to her time in Iraq. 
VA examiners have explained that there are likely other factors that have caused her to develop depression, and that her symptoms are not the same from while she was in service. Therefore, the preponderance of the evidence is against a finding that the Veteran’s depression is related to service or due to or aggravated by her service-connected disabilities. As such, reasonable doubt does not arise, and the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 
 
Paul Sorisio
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD G. Morales, Associate Counsel