﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200130-59119
DATE: July 31, 2020

REMANDED

Entitlement to service connection to cataplexy, to include as secondary to service-connected narcolepsy, is remanded.

Entitlement to service connection to sleep apnea, to include as secondary to service-connected narcolepsy, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Marine Corps from September 1958 to November 1961. 

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a November 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), which denied service connection for cataplexy and sleep apnea. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran filed a notice of disagreement (NOD) in August 2018 and the RO issued a statement of the case (SOC) in December 2019. In January 2020, the Veteran filed a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), requesting Direct Review, and indicating that he would not submit additional evidence in support of his appeal.

As the SOC was issued after February 19, 2019 and the Form 10182 was filed within 60 days of the SOC, this was a valid opt-in to the AMA, the case is properly before the Board. 38 C.F.R. §§ 19.2(d)(2), 3.2400(c)(2). Although the regulations do not define “agency of original jurisdiction decision” for purposes of the evidence window in cases of direct review, see 38 U.S.C. § 7113(a); 38 C.F.R. § 20.301 (providing that in cases where the Veteran elects direct review, the evidentiary record is limited to the evidence of record “at the time of the decision of the agency of original jurisdiction” on appeal), the Board will review the claims based on the evidence of record at the time of the December 2019 SOC, as this is more favorable to the Veteran. Brown v. Gardner, 513 U.S. 115, 118 (1994) (in construing veterans’ law, “interpretive doubt is to be resolved in the veteran’s favor”).

Service connection

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

VA must provide an examination with regard to claims for disability compensation when there is competent evidence of a disability (or persistent or recurrent symptoms of a disability) that may be associated with an in-service event, injury, or disease, but there is insufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The Veteran’s reports of a continuity of symptomatology can satisfy the requirement for evidence that the claimed disability may be related to service, and the threshold for finding that the disability (or symptoms of a disability) may be associated with service is low. McLendon, 20 Vet. App. at 83.

Once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Cataplexy

In a November 2017 Disability Benefits Questionnaire (DBQ), a VA examiner found that it was less likely than not that the Veteran’s cataplexy was incurred in or caused during service. The examiner based this conclusion on the absence of any mention of cataplexy in the record. However, the DBQ also notes that the Veteran was diagnosed with cataplexy in November 2017. The examiner’s statements that there was no mention of cataplexy in the record, while also noting a previous diagnosis of cataplexy are inconsistent are inconsistent and render the opinion ambiguous.

In a separate DBQ, also dated November 2017, it was noted that the Veteran reported having “sleep issues” since service. Specifically, he stated that he experiences “sleep attacks,” at which time, his muscles completely lose tone.

In light of these statements, the examiner’s opinion is inadequate as he did not take the Veteran’s lay statements into account in providing this negative opinion, instead relying solely on the absence of a cataplexy diagnosis or symptoms noted in his service treatment record. Buchanan v. Nicholson, 451 F.3d 1331, 1336, n. 1 (Fed. Cir. 2006) (noting that VA’s examiner’s opinion, which relied on the absence of contemporaneous medical evidence, “failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran’s] disability such that his claim for service connection could be proven without contemporaneous medical evidence”).

Consequently, the Board finds that the reliance on an inadequate examination was a pre-decisional duty to assist error that warrants a remand for a new opinion. 38 U.S.C. § 5103A(f)(2)(A); 38 C.F.R. § 20.802(a).

Sleep Apnea

In a statement, dated March 31, 2017, the Veteran reported using a breathing assistance device to alleviate symptoms of sleep apnea, which he has experienced since service. The Veteran indicated in his August 2018 NOD that he had sleep apnea symptoms in service but they were mirrored and masked by his narcolepsy. 

A Clinical Polysomnographic Report, an examination to evaluate sleep disorders, was administered to the Veteran in April 1987. The results of that examination are in an April 1987 VA treatment note. However, the findings and conclusion of that examination are unreadable. 

As there is evidence of persistent or recurrent symptoms of sleep apnea that may be associated with service, the lack of an opinion as to whether the Veteran has sleep apnea that is separate from his narcolepsy and related to service or narcolepsy is a pre-decisional duty to assist error warranting remand for a new opinion. 38 U.S.C. § 5103A(f)(2)(A); 38 C.F.R. § 20.802(a).

The claims are REMANDED for the following action:

Request an opinion from an appropriate specialist physician to determine the nature and etiology of any sleep disorder other than narcolepsy. If an examination is deemed necessary, one should be conducted.

The physician should first indicate whether the Veteran has had at any time during the pendency of the March 2017 claim or approximate thereto any sleep disorder separate and apart from his diagnosed narcolepsy, to include cataplexy and/or sleep apnea.

Then, as to any such separate sleep disorder, the physician should opine:

(a) whether the disorder is related to or had its onset during the Veteran’s military service and

(b) whether the disorder is either (i) caused or (ii) aggravated by service-connected narcolepsy.

The physician should review the claims file prior to rendering the opinion and a complete rationale should accompany each opinion provided. The physician is advised that the Veteran is competent to report symptoms and treatment, and that his reports must be taken into account in formulating the requested opinion. The Veteran’s contention that his symptoms in service were indicative of sleep disorders other than narcolepsy should be specifically addressed.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.K. Donaldson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.