Citation Nr: 21049973
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-58 206
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a bilateral foot disorder, to include acquired flat feet and hammer toes, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from May 1966 to June 1968.

This matter was initially before the Board in December 2018, where it was remanded for additional development. The matter returned to the Board in April 2021, where it was again remanded for further development. Specifically, the Board determined that the Veteran should be afforded a VA examination for his bilateral foot disability.

Entitlement to service connection for a bilateral foot disorder, to include acquired flat feet and hammer toes, is remanded.

While the Board regrets further delay, the matter must be remanded as the VA examination is inadequate for adjudicative purposes. When VA undertakes the effort to provide an examination, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

The Veteran asserts that his foot condition began in service while stationed at Fort Benning. He was training to jump out of an airplane and landed incorrectly, spraining his ankles and injuring his feet. After that, he had difficulty doing his job because he could not stand on his feet for too long due to pain, and has continued to have pain in his feet. See the November 2016 VA Form 9, June 2019 statement.

The Veteran was afforded a VA examination in June 2021, where the examiner opined that his bilateral foot disability is less likely than not caused by service. The examiner provided one-sentence rationales, indicating that service treatment records (STRs) were silent for mention of pes planus, hammer toes, a left foot disorder, or a right foot disorder. The examiner rendered a conclusory negative nexus opinion based solely on the absence of service treatment records (STRs) documenting a foot injury during service, without considering the lay statements of record indicating that such injuries occurred. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (noting that an examination was found inadequate where the examiner did not comment on the appellant's report of in-service injury and relied on the lack of evidence in the service treatment records to provide a negative opinion); Buchanan v. Nicholson, 451 F. 3d 1331, 1336-37 (2006) (holding that the lack of contemporaneous medical records does not, in and of itself, render lay evidence not credible). The Board therefore finds that a medical opinion addendum is necessary. 38 U.S.C. § 5103A(d).

The Board also notes that in a January 1974 Army National Guard examination, the Veteran's lower extremities were deemed abnormal. However, the record is illegible as to what the specific diagnosis was. As such, effort should be made to rescan the National Guard records that are illegible or to obtain legible copies.

The matters are REMANDED for the following action:

1. Attempt to rescan the Veteran's Army National Guard records, including the January 1974 examination report, that are illegible or obtain legible copies of these unreadable records. 

If it is determined these are the best possible copies of these records, then confirm this in the record and appropriately notify the Veteran and his representative.

2. Thereafter, contact the VA examiner who provided the June 2021 opinion (or if he or she is no longer available, a suitable replacement) and ask the examiner to review the record and prepare an addendum to the medical opinion. 

The examiner should opine on whether it is at least as likely as not (50 percent probability or greater) that any current foot condition, to include acquired flat feet and hammer toes, had causal origins in active service or is related to incident, injury, or event in active service.

The examiner should specifically address the Veteran's contentions that his foot condition began in service and has continued since then. 

The examiner should also address the January 1974 Army National Guard examination report (noting abnormal lower extremities) and the April 1974 VA Medical Certificate and History (noting that the Veteran complained of left foot trouble since 1968 and a diagnosis of pes planus).

The examiner should explain the medical basis for the conclusions reached. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain whether the inability is due to the limits of the examiner's medical knowledge, medical knowledge in general or there is evidence that, if obtained, would permit the opinion to be provided.

If the VA examiner determines that further examination is necessary in order to render the requested medical opinion, the Veteran should be scheduled for such an examination.

 

N. NELSON

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Adeleke, T.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.