Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210809-178099
DATE: August 31, 2021

REMANDED

Service connection for hearing loss is remanded.

Service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from May 1959 to May 1963.

This appeal comes before the Board of Veterans' Appeals (Board) from a July 2021 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that denied the claim on appeal. The Veteran submitted a timely August 2021 VA Form 10182 Notice of Disagreement, choosing Direct Review.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.902(c). 38 U.S.C. § 7107(b).

1. The issue of service connection for hearing loss

2. The issue of service connection for tinnitus

The issues of entitlement to service connection for hearing loss and/or tinnitus are remanded to correct a duty to assist error that occurred prior to the July 2021 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain adequate VA medical opinions prior to the July 2021 rating decision on appeal. Thus, the Board finds that an addendum VA opinion is required. 38 U.S.C. § 5103A; 38 C.F.R. § 20.802(a); see also Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007).

In June 2021, the Veteran was afforded a VA examination for his claim of service connection for bilateral hearing loss. The examiner opined that the Veteran's bilateral hearing loss and tinnitus were less likely than not caused by or a result of an event in military service. As rationale, for both claims, the examiner stated that "this opinion is supported by no evidence of hearing loss, declines in hearing, or tinnitus in STRs." The examiner did not offer an explanation as to why the presence of no measured hearing loss upon separation was clinically significant in this inquiry. Service connection for a hearing loss disability may be awarded even if such disability did not manifest during service. See 38 C.F.R. § 3.303(d); see also Hensley v. Brown, 5 Vet. App. 155, 159 (1993). 

In short, the VA examiner relied solely on the absence of contemporaneous medical evidence, which is an inadequate reason for a negative finding. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (2006) (holding that the Board cannot determine that lay evidence as to diagnosis and nexus lacks credibility merely because it is unaccompanied by contemporaneous medical evidence). 

Thus, because the AOJ failed to ensure that the VA examinations and medical opinions obtained in these matters were adequate, failure of which constitutes a pre-decisional duty to assist error, remand is required for correction of such pre-decisional errors. See 38 C.F.R. § 20.802.

The matters are REMANDED for the following action:

Obtain addendum VA medical opinions regarding the Veteran's bilateral hearing loss and tinnitus. Specifically, the examiner must opine whether it is at least as likely as not (50 percent or greater probability) that bilateral hearing loss and/or tinnitus was incurred in, or caused by, service. The examiner must consider the Veteran's reported noise exposure as a sheet metal mechanic, firing small arms in training, or presence on a pilot training airfield as well as any reported post-service noise exposure. If it is less likely that the Veteran's current hearing loss disability is caused by his period of service, the examiner should discuss why this is the case, to include the clinical significance of any "normal" in-service hearing test results, the lack of permanent pure tone threshold shifts during service, noise exposure after discharge, and onset of hearing loss in relation to both service and employment after service. 

When citing medical literature, any qualifications and/or limitations of the cited medical literature must also be discussed. The examiner must provide any and all opinions as to etiology in the form of a probability and must provide a complete rationale for any opinion expressed. The need for another examination(s) is left to the discretion of the examiner offering the addendum opinion(s).

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board H.S. Yun, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.